United States Court of Appeals,

Fifth Circuit.

No. 91–2366

Summary Calendar.

Horace Albert KNIGHT, Plaintiff–Appellant,

v.

Harris D. CALDWELL, Defendant,

Michael A. Walker and Allen Tharling, Defendants–Appellees.

Sept. 3, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before BROWN, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Horace Albert Knight filed a complaint in district court against Houston police officers, Michael Walker and Allen Tharling, alleging violations of 42 U.S.C. §§ 1983 and 1985. Knight claimed that while he was in police custody, officers Walker and Tharling assaulted him and threatened to kill him. Following a jury verdict in favor of the officers, the trial court entered judgment on their behalf. Knight now appeals this judgment pro se, complaining solely of defects in the court's jury charge. Because we find no error in the court's charge, we affirm.

## DISCUSSION

### (a) *Failure to Order Transcript*

Initially, the record before us consisted only of four volumes of the clerk's documentary record and the trial exhibits, and lacked the verbatim transcription of the court reporter's notes of the trial proceedings. Because Knight's arguments on appeal are directed at the court's charge, a transcript of the trial proceedings was necessary in order to determine whether Knight properly

objected to the charge.[1]  Because of the serious nature of Knight's claims, we ordered that the transcript of the parties' jury charge conference be produced at the Government's expense pursuant to our aut hority under 28 U.S.C. 753(f), in order to determine whether Knight made the proper objections to the court's charge.[2]

The record reveals that at the charge conference, Knight failed to make any objections of this nature to the court's proposed charge.  Thus, we review the court's charge for plain error.

### (b) *No Plain Error*

When reviewing for plain error, this court asks whether the trial court committed an error which resulted in a "manifest miscarriage of justice." *Coughlin v. Capitol Cement Co.,* 571 F.2d 290, 297 (5th Cir.1978).  We hold that the court's charge adequately reflected the applicable law and did not result in injustice.

The first interrogatory of the court's charge inquired, "Was Knight injured in October of 1978 during the arrest or while in custody?"  The jury answered "no" and therefore was instructed to go no further with the charge.  Knight argues that the interrogatory concerning "injury" should not have been asked until the "damages section" of the charge.

Until very recently, the law in this circuit required a person to prove that he or she incurred

---

[1]F.R.Civ.P. 51 provides in part:

> At the close of all the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests....  No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.

[2]Ordinarily, this court will not entertain an appeal when an appellant does not appeal from the order refusing a transcript at government expense.  Although we have strayed from the beaten path in this respect, we do not mean to say that a court should or be required to mimic the course of action taken by this court today.

a significant injury in order to prevail on a section 1983 excessive force claim. *See Johnson v. Morel,* 876 F.2d 477 (5th Cir.1989).[3] However, in *Hudson v. McMillian,* 503 U.S. ——, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), the Supreme Court overturned the Fifth Circuit's "significant injury" requirement.[4]

Citing the *Whitley*[5] approach, the Supreme Court in *Hudson* held that "the extent of injury suffered by an inmate is one factor that may suggest "whether the use of force could plausibly have been thought necessary' in a particular situation." *Hudson,* 503 U.S. at ——, 112 S.Ct. at 999, 117 L.Ed.2d at 166 (quoting *Whitley,* 475 U.S. at 321, 106 S.Ct. at 1085). Moreover, the Court reasoned that contemporary standards of decency are always violated when prison officials maliciously and sadistically use force to cause harm, regardless of whether significant injury is present. *Id.* 503 U.S. at ——, 112 S.Ct. at 1000, 117 L.Ed.2d at 167. In the end, the court reversed our holding, stating that "[t]he extent of Hudson's injuries provides no basis for dismissal of his § 1983 claim." *Id.* 503 U.S. at ——, 112 S.Ct. at 1000, 117 L.Ed.2d at 168.

The Supreme Court's decision makes clear that we can no longer require persons to prove

---

[3]*Johnson v. Morel* is representative of the Fifth Circuit's long-established mandate that a plaintiff may prevail on a constitutional excessive force claim only by proving each of the following three elements:

> (1) a significant injury, which

> (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was

> (3) objectively reasonable.

[4]Hudson, a Louisiana prison inmate, filed suit under 42 U.S.C. § 1983, claiming that prison guards beat him causing him to suffer minor bruises, facial swelling, loosened teeth and a cracked dental plate. We reversed the Magistrate's award in favor of Hudson, stating that Hudson could not prevail because his injuries were "minor."

[5]*Whitley v. Albers,* 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). In *Whitley,* an inmate brought an Eighth Amendment claim after he was shot by a guard during a prison riot. The Court held that the correct legal standard is " "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm.' " *Id.* at 320–21, 106 S.Ct. at 1085 (citations omitted).

"significant injury," as we had used that term for years, under section 1983.  The Court's holding, however, does not affect the rule that requires proof of injury, albeit significant or insignificant.  In fact, the Supreme Court specifically denied constitutional protection for "*de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson,* 503 U.S. at ——, 112 S.Ct. at 1000, 117 L.Ed.2d at 167–68 (citations omitted).

In Knight's case, the trial court's charge asked the jury, "Was Knight *injured* in October of 1978 during the arrest or while in custody?"  The charge subsequently defined injury as "damage or harm to the physical structure of the body, including diseases that naturally result from the harm." The trial court did not in any way suggest to the jury that the law required Knight to be significantly or seriously injured.  Thus, we hold that the court's interrogatory and definition is consistent with the analysis set forth in *Hudson.*[6]

With respect to Knight's complaint that the court improperly set forth its interrogatories in the wrong order, we hold that the court reasonably constructed its charge.  We find no fault with the court requiring the jury to first clear the "injury" hurdle before it reached questions on damages.

---

[6]Our decision might be different if the jury would have responded "yes" to the first question about whether Knight had been injured, and if it would have continued with the charge.

> Later in the court's charge, unreasonable seizure is defined as follows:
>
> An arrest otherwise valid is an unreasonable seizure if the arresting officer uses unnecessary force in the arrest or later custody, needlessly injuring or endangering the person he is arresting.  Walker and Tharling's seizure of Knight was unreasonable if:
>
> (a) Knight suffered a *significant injury,* which
>
> (b) Resulted directly from Walker or Tharling's clearly excessive use of force.
>
> (Emphasis added.)  The court also states in explaining excessive force, "No officer may inflict, or recklessly risk inflicting, *serious injury* on a person to arrest him unless the person is an immediate danger to the officer of others."  (Emphasis added.)
>
> Because the jury never reached this portion of the special interrogatories, however, we need not decide today whether these instructions violate the Supreme Court's mandate in *Hudson.*

Lastly, Knight complains that the court failed to give certain instructions and to define in its charge certain concepts, including "color of law," "unreasonable force," "denial of medical attention," "conspiracy," "joint tortfeasors" and "municipal liability." Even Knight's proposed jury instructions as contained in the Joint Pretrial Order failed to request these definitions and instructions. The record does not indicate that Knight later requested these instructions. This fact alone bars Knight from arguing this issue now on appeal. *See* F.R.Civ.P. 51, *infra.*

Moreover, once the jury answered "no" to the "injury" question, it could go no further with the other questions in the charge. Because the jury never reached the later interrogatories involving these terms and instructions, they could not have affected the outcome, even if properly requested.

Lastly, we find that the charge sufficiently explained all of the above terms to the jury with the exception of "municipal liability" and "denial of medical attention." The trial court correctly omitted these definitions since 1) the City of Houston earlier was dismissed from the case; and 2) Knight failed to allege in his complaint a denial of medical attention.

Accordingly, we uphold the trial court's judgment entered on behalf of police officers Walker and Tharling.

AFFIRMED.