**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 93-2062
_____

GLORIA JEAN HARPER, Individually and as Mother
and Next Friend of Jordan Harper a Minor and Jordan Harper,

Plaintiffs-Appellees,

VERSUS

HARRIS COUNTY, TEXAS, ET AL,

Defendants,

JOHN P. DENHOLM,

Defendant-Appellant.

_____
Appeal from the United States District Court
for the Southern District of Texas
_____
May 11, 1994

OPINION ON RECONSIDERATION

Before ALDISERT,[1] REYNALDO G. GARZA, and DUHÉ, Circuit Judges.

PER CURIAM:

The Court has, sua sponte, reconsidered its opinion issued in this matter on April 29, 1994, and finds portions of Part III thereof inconsistent with its opinion in <u>Rankin v. Klevenhagen</u>, 5 F.3d 103 (5th Cir. 1993).  Accordingly, we vacate Part III of our prior opinion in this matter and substitute therefor the following:

III

Denholm claims that he is entitled to qualified immunity in that his use of force was objectively reasonable under the

_____

[1] Circuit Judge of the Third Circuit, sitting by designation.

circumstances and in light of the legal rules established at the time of the arrest. He contends, inter alia, that he is entitled to qualified immunity because Harper failed to plead and create a fact issue that she had sustained a significant injury while being arrested.

Qualified immunity protects a police officer from liability if a reasonable competent law enforcement officer would not have known that his actions violated clearly established law. Anderson v. Creighton, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). The objective reasonableness of the officer's conduct is measured with reference to the law as it existed at the time of the conduct in question. King, 974 F.2d at 657. Therefore, the right the official is alleged to have violated must have been clearly established at the time of the occurrence. Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). The contours of the right must be sufficiently clear so that a reasonable official would understand that what he is doing violates that right. Johnston v. City of Houston, 14 F.3d 1056 (5th Cir. 1994) (citing Creighton, 483 U.S. at 640, 107 S.Ct. at 3039). If, upon viewing the evidence in the light most favorable to the non-movant, reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity. See id. (citing Pfannstiel v. City of Marion, 918 F.2d 1178, 1183 (5th Cir. 1990)).

The examination of a claim of qualified immunity is a two-step process. The first inquiry is whether the plaintiff has alleged a

2

violation of a clearly established constitutional right.  Siegert
v. Gilley, 500 U.S. 226, ))), 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277
(1991).  It is well settled that if a law enforcement officer uses
excessive force in the course of making an arrest, the Fourth
Amendment guarantee against unreasonable seizure is implicated.
King, 974 F.2d at 656.  The next step is to determine the standard
by which to judge the reasonableness of the officer's behavior.
Id. at 657.

Denholm argues that controlling authority in October 1990
required a plaintiff alleging an excessive force case under the
Fourth Amendment to prove a significant injury, which resulted
directly and only from the use of force that was clearly excessive
to the need, and the excessiveness of that need was objectively
unreasonable.  Johnson v. Morel, 876 F.2d 477, 480 (5th Cir. 1989)
(en banc).  The Supreme Court overruled the significant injury
prong in an Eighth Amendment excessive use of force context.
Hudson v. McMillian, ))) U.S. ))), ))), 112 S.Ct. 995, 1000, 117
L.Ed.2d 156, 167 (1992).  We now hold that the Johnson standard is
no longer valid in the wake of Hudson v. McMillian, ))) U.S. ))),
112 S.Ct. 995, 117 L.Ed.2d 156 (1992), to assess whether plaintiff
has alleged a constitutional violation.  A plaintiff is no longer
required to prove significant injury to assert a section 1983
Fourth Amendment excessive force claim.  See Knight v. Caldwell,
970 F.2d 1430, 1432 (5th Cir. 1992), cert. denied, ))) U.S. ))), 113
S.Ct. 1298, 122 L.Ed.2d 688 (1993).  However, appellant concludes
that since we are to judge the objective reasonableness of the

officer's conduct under the laws established at the time of the occurrence, he is shielded by qualified immunity because the since discarded "significant injury" component still existed on the date of the arrest. Denholm's argument implies that his conduct cannot be declared "unreasonable" if no significant injury resulted.

This Court has decisively rejected the retroactive application of new legal standards to excessive force claims involving qualified immunity, and has held that the objective reasonableness of a government official's conduct must be measured with reference to the law as it existed at the time of the conduct in question. See e.g., Creighton, 483 U.S. at 637, 107 S.Ct. at 3038; see also Rankin v. Klevenhagen, 5 F.3d 103, 108-09 (5th Cir. 1993) (requiring objective reasonableness to be measured with reference to constitutional benchmarks and the law existing at the time of the conduct). The benchmark for objective reasonableness is that which existed at the time of the alleged violation))we look to clearly established law at that time. Johnston v. City of Houston, 14 F.3d at 1060 (5th Cir. 1994) (citing Spann v. Rainey, 987 F.2d 1110, 1114 (5th Cir. 1993)). This task necessarily encompasses judging the reasonableness of the officer's conduct in light of the specific contours of the right to be free from excessive force during arrest that predominated at the time.

We recently decided this very issue in Rankin v. Klevenhagen, 5 F.3d 103 (5th Cir. 1993). There we held that in determining the objective reasonableness of the officer's use of force in 1989, the court should apply the significant injury test of Shillingford v.

4

<u>Holmes</u>, 634 F.2d 263 (5th Cir. 1981), and <u>Johnson</u> since that was the constitutional benchmark when the events occurred. Likewise, the same test should have been applied to the events in this case which occurred in 1990. The district court did not consider the seriousness of the alleged injuries in determining whether the officer's conduct was objectively reasonable. It should have.

Even applying the proper test, the evidence reveals that a genuine issue of material fact remains regarding the use of excessive force and the objective reasonableness of using such force, so Denholm is not entitled to summary judgment. Of course, Denholm still may assert qualified immunity at trial. We express no view as to the facts that may be established at trial or as to the legal significance of those facts.

Except as herein modified our original opinion remains unchanged.


REYNALDO G. GARZA, Circuit Judge, Concurring Specially.

I concur specially in the opinion in this case by my brethren Duhé and Aldisert because the case is being returned to be tried to a jury on whether or not Officer Denholm used excessive force or not.

I believe that <u>Rankin v. Klevenhagen</u>, 5 F.3d 103 (5th Cir. 1993), was decided wrongly. Even the panel admits in the opinion that it creates problems.

In my view, after <u>Hudson v. McMillian</u>, ___ U.S. ___, 112 S.Ct. 995, 117 L. Ed. 2d 156 (1992), the type of injury suffered is no

5

longer viable and whenever there is a question of fact as to whether or not an officer used excessive force, it has to be left to the trier of fact. If no excessive force was used, the officer is acquitted and gets his immunity from suit. If the trier of fact says excessive force was used then he must suffer the consequences.

Personally, I cannot conceive of any scenario where qualified immunity can be granted when there is a disputed question of fact as to whether or not excessive force was used in making an arrest using the factors enunciated in <u>Hudson v. McMillian</u>, as a guide on whether or not there was excessive force used.