United States Court of Appeals,

Fifth Circuit.

No. 94-41130

Summary Calendar.

Darrell McAFEE, Plaintiff-Appellant,

v.

U.P. MARTIN, Warden, et al., Defendants-Appellees.

Sept. 12, 1995.

Appeal from the United States District Court for the Eastern
District of Texas.

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:

McAfee appeals the dismissal of his § 1983 action based on
excessive force against Officers David Boyd and Russell Mittasch
and his retaliation claims against Wardens Charles Martin and
Rodney Cooper. We vacate the district court judgment and remand
for further proceedings.

I.

The district court referred this § 1983 action to the
magistrate judge pursuant to § 636(b)(1)(B). Thereafter a notice
of a "*Flowers* " hearing issued to the parties.[1] The magistrate
judge held the *Flowers* hearing after announcing that the court
would conduct "an evidentiary hearing." The magistrate judge heard
witnesses for both sides and at the conclusion found that McAfee
had not carried his burden of proof and recommended dismissal of

---

[1]*Flowers v. Phelps,* 956 F.2d 488 (5th Cir.), *modified on
other grounds,* 964 F.2d 400 (5th Cir.1992).

1

his action.  The district court accepted the magistrate judge's recommendation and dismissed the suit.

## II.

McAfee complains first that the magistrate judge improperly held a *Flowers* hearing after he had demanded a jury trial.  The record reveals that McAfee made a jury demand within ten days after Boyd and Mittasch filed their answers.  We are satisfied therefore that McAfee made a timely jury demand under Fed.R.Civ.P. 38(b).

Although appellees do not argue that McAfee's participation in the magistrate judge's hearing without objection was an implicit waiver of his earlier jury demand, we have considered whether this legal result should follow.  *See Casperone v. Landmark Oil & Gas Corp.,* 819 F.2d 112, 116 (5th Cir.1987).

Because the right to a jury trial is a fundamental right, however, courts should "indulge every reasonable presumption against waiver."  *Bowles v. Bennett,* 629 F.2d 1092, 1095 (5th Cir.1980) (quoting *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393, 57 S.Ct. 809, 812, 81 L.Ed. 1177 (1937)).  A waiver should not be found in a "doubtful situation."  *Id.*

The question, then, narrows to whether McAfee faced a doubtful situation.  A magistrate judge's expanded evidentiary hearing like the one at issue amounts to a bench trial replete with credibility determinations and findings of fact.  At the commencement of McAfee's hearing, the magistrate judge called it "an evidentiary hearing."  She did not use the term "trial" until well into the proceeding and then without explaining the difference between a

2

trial and an evidentiary hearing.

When the magistrate judge set the hearing, she called it "an expanded evidentiary hearing pursuant to *Flowers*...." The order did not explain what a *Flowers* hearing was. That order was issued before this court, in *Brown* and *Clark*[2], had sorted out what a *Flowers* hearing is. Additionally, counsel for the appellees, an assistant state attorney general, asserts that the hearing was not a trial. Thus, if the defendants' lawyer reading the transcript does not know that the hearing was a trial, McAfee's contention that he did not understand that the magistrate was conducting a trial rings true. The situation was doubtful.

Accordingly, the magistrate judge erred in holding the § 636(b)(1)(B) hearing in the face of a timely jury demand. The judgment entered on the basis of the magistrate judge's finding at that hearing is vacated and the case is remanded for further proceedings consistent with this opinion.[3]

VACATED and REMANDED.

---

[2]*Brown v. Lynaugh,* No. 93-4070, slip op. at 5, 20 F.3d 1171 (5th Cir. Apr. 8, 1994) (unpublished); *Clark v. Richard,* No. 93-05119, slip op. at 14, 26 F.3d 1118 (5th Cir. June 14, 1994) (unpublished).

[3]This disposition makes it unnecessary to consider the remaining issues McAfee raises on appeal.