IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60269
Summary Calendar
_____

JACK JOINER,

Plaintiff-Appellant,

versus

GARY SMITH; CITY OF MARKS, MISSISSIPPI,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(2:94-CV-073-DA)
_____
(October 11, 1995)

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jack Joiner filed a civil rights suit against the City of

Marks, Mississippi and Gary Smith, a police officer employed by

the City of Marks, Mississippi, pursuant to 42 U.S.C. § 1983.

The district court granted summary judgment in favor of Smith and

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

the City.  Joiner filed a timely notice of appeal.  Finding no error, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 29, 1994, Jack Joiner ("Joiner") was driving his Jeep on a road in Marks, Mississippi.  Joiner stopped his vehicle to speak with a friend.  Joiner testified in his deposition that the Jeep was "halfway in the road," but Officer Gary Smith ("Smith") testified in his deposition that Joiner's car was "in the middle of the street."  Smith stopped Joiner, and, when Joiner exited his car, Smith asked him to put down the candy bar that Joiner was eating.  Smith explained in his deposition that he asked Joiner to put down the candy bar so that he could determine whether Joiner had been drinking or taking drugs.  He testified that, in his experience as a police officer, people will often try to hide alcohol or drug use by eating something.  Joiner then asked Smith "what does my candy bar have to do with giving me a ticket."  Smith testified that Joiner refused to put the candy bar down; Joiner stated that he "put it to his side," but agreed that he did not put the candy bar on the hood of the patrol car as Smith had requested.

Smith then placed Joiner under arrest and handcuffed him.  Smith testified that he arrested Joiner because Joiner refused to obey his order to put the candy bar down on the hood of the patrol car.  Joiner testified that Smith slapped the candy bar out of his hand, and secured the handcuffs unnecessarily tightly,

2

causing him to scream in pain, and cutting and bruising his hands. Joiner was charged with, and subsequently convicted in municipal court of, obstructing traffic and failure to comply with the order of a law enforcement officer, or disorderly conduct. Joiner failed to appeal his convictions.

Joiner filed suit against Smith and the City of Marks, Mississippi ("City") on May 3, 1994, seeking damages under 42 U.S.C. § 1983, and also raising a Mississippi state law defamation claim. On July 1, 1994, Smith and the City answered the complaint, and stated in their answer that "Gary Smith appears to be sued in his official capacity only. If defendant is mistaken, he pleads immunity . . . ." The parties agreed on a scheduling order which contained a deadline for amending the pleadings of November 21, 1994. On March 3, 1995, Smith and the City filed a motion for summary judgment. On March 23, 1995, Joiner filed a motion to amend his complaint to sue Smith in his individual capacity. On April 10, 1995, the magistrate judge denied Joiner's motion to amend as untimely. On April 14, 1995, Joiner moved the district court to review the magistrate judge's denial of the motion to amend. On April 17, 1995, the district court entered a memorandum opinion which granted summary judgment for Smith and the City on Joiner's federal claims, affirmed the magistrate judge's refusal to allow Joiner to amend the complaint, and dismissed Joiner's state law defamation claim without prejudice. Final judgment was entered in favor of Smith

and the City on April 17, 1995.  Joiner filed his notice of appeal on April 27, 1995.

## II. STANDARD OF REVIEW

We review the granting of summary judgment de novo, applying the same criteria used by the district court in the first instance.  Norman v. Apache Corp., 19 F.3d 1017, 1021 (5th Cir. 1994); Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994).  First, we consult the applicable law to ascertain the material factual issues.  King v. Chide, 974 F.2d 653, 656 (5th Cir. 1992).  We then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the non-moving party.  Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1272 (5th Cir. 1994); F.D.I.C. v. Dawson, 4 F.3d 1303, 1306 (5th Cir. 1993), cert. denied, 114 S. Ct. 2673 (1994).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

Under Rule 56(c), the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion and identifying the portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323

4

(1986); Norman, 19 F.3d at 1023.  The burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323 (stating that the moving party need not "support its motion with affidavits or other similar materials negating the opponent's claim").  A defendant who moves for summary judgment may rely on the absence of evidence to support an essential element of the plaintiff's claim.  Id. at 322.

## III. DISCUSSION

The district court granted summary judgment to Smith and the City, holding that the complaint only alleges claims against Smith in his official capacity, which are identical in treatment to claims against the City itself, and that Joiner failed to present any evidence establishing a municipal policy encouraging or sanctioning unconstitutional conduct.  Further, the district court stated that even if Smith had been sued in his individual capacity, summary judgment would have been proper because Joiner's unlawful arrest claim is barred because his conviction has not been invalidated, and Joiner fails to present evidence supporting his excessive force claim.  Finally, the district court held that, because no viable federal claims survived the summary judgment, it would decline to exercise supplemental jurisdiction over Joiner's state law defamation claim.

In this appeal, the parties argue at great length, first, whether Smith was sued in his individual capacity, and, if he was

5

not, whether the magistrate judge abused his discretion in refusing to allow Joiner to amend the complaint to allege claims against Smith in his individual capacity.   We need not address this issue, however, because, even if Smith were sued in his individual capacity, the district court's grant of summary judgment was proper.

## A.    The Unlawful Arrest Claim

The district court held that even if Joiner had alleged an unlawful arrest claim against Smith individually, the claim would fail under the rule of Heck v. Humphrey, 114 S. Ct. 2364 (1994), because Joiner's conviction has not been reversed.   The Supreme Court in Heck held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. at 2372 (footnote omitted).  In his brief Joiner contends that Heck does not apply to his § 1983 action because the rule of Heck is limited to § 1983 claims brought by state prisoners who seek to avoid the exhaustion requirement of federal habeas corpus.[1]   However, in Wells v. Bonner, 45 F.3d 90 (5th Cir.

---

[1] Joiner also contends that Justice Scalia's opinion in Heck speaks only for a four-judge plurality; thus, it does not express the holding of the Court.  This contention is incorrect.

6

1995), this court found that a plaintiff's unlawful arrest claim was precluded by Heck even though the plaintiff was not "in custody."[2]  Thus, to determine whether Joiner's § 1983 claim for unlawful arrest is governed by the Heck rule, we must determine first "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id.

Joiner's unlawful arrest claim is controlled by Wells.  45 F.3d at 95.  Joiner alleges that his arrest constitutes an unreasonable seizure prohibited by the Fourth Amendment because it was for a trivial offense.  This claim is equivalent to the claim that his arrest lacked probable cause.  To prove that the arrest was an unreasonable seizure, Joiner must demonstrate that Smith lacked probable cause to arrest for either charge, which

---

"Scalia, J. delivered the opinion of the Court, in which Rehnquist, C.J. and Kennedy, Thomas, and Ginsburg, J.J. joined. Thomas, J. filed a concurring opinion.  Souter, J. filed an opinion concurring in the judgment, in which Blackmun, Stevens, and O'Connor, J.J., joined."  Heck, 114 S. Ct. at 2368.

[2]     The Wells court stated:

   Although the Heck court was driven by concerns not applicable here--the relationship between habeas corpus claims under 28 U.S.C. § 2254 and civil rights claims under 42 U.S.C. § 1983--the court broadly held that any § 1983 claim, which attacks the unconstitutionality of a conviction . . . does not accrue until that conviction (or sentence) has been "reversed on direct appeal . . . ."

Wells, 45 F.3d at 94 (quoting Heck, 114 S.Ct. at 2372).

7

would demonstrate the invalidity of Joiner's convictions for obstructing traffic and for disorderly conduct.  <u>Wells</u>, 45 F.3d at 95.  Thus, Joiner's claim for damages for an unlawful arrest is not cognizable under § 1983 unless his convictions have been reversed or otherwise invalidated.  <u>Id.</u>

Joiner's claim is precluded because he failed to appeal his convictions.  Joiner was arrested for, charged with, and convicted of obstructing traffic and disorderly conduct. Joiner admits that he did not appeal his convictions, however, he argues that he failed to appeal because he was misinformed by the City Court Clerk about the cost and requirements of an appeal.[3] However, assuming that Joiner's allegations are true, neither <u>Heck</u> nor this circuit's cases interpreting <u>Heck</u> have created an exception to the <u>Heck</u> rule--that a conviction must be invalidated before a § 1983 claim arises if the claim challenges the validity of the conviction--in situations where the plaintiff puts forth an excuse that his failure to appeal resulted from external circumstances or misinformation.  Additionally, Joiner argues that the municipal judge's statement during his trial that Joiner was "wrongfully arrested"  is a "de facto expungement of the conviction."  Even assuming the municipal judge made this statement, this argument lacks merit, because the municipal judge

---

[3] Joiner alleges that the City or Circuit Court Clerk told him that he would have to put up $400 and obtain an affidavit stating the reasons for the appeal to appeal his $210 fine. Joiner claims that he later hired an attorney to pursue the appeal, but they failed to appeal because the time period had expired.

did in fact convict Joiner of obstructing traffic and disorderly conduct. Because those convictions still stand, Joiner's unlawful arrest claim is not cognizable under § 1983; therefore, the district court properly granted summary judgment on that claim.[4]

**B.     The Excessive Force Claim**

The district court also held that, even if Smith had been sued in his individual capacity, Smith was entitled to summary judgment on Joiner's claim for excessive use of force because Joiner "produced little evidence on this claim." On appeal, Joiner argues that the district court erred in granting summary judgment on this claim because he raised material fact issues concerning whether the force used by Smith was excessive, unreasonable, or applied for the purpose of causing pain. Smith argues that the district court properly granted summary judgment because Smith was entitled to handcuff Joiner as part of the arrest--i.e., Smith did not use excessive force, and even if Joiner could establish an excessive force claim under present law, Smith would be entitled to qualified immunity because his actions did not violate clearly established constitutional rights at the time of the incident.

The Fourth Amendment governs claims of excessive force during an arrest. Spann v. Rainey, 987 F.2d 1110, 1115 (5th Cir. 1993). To establish a claim for excessive use of force, a

---

[4]     Because we hold that Heck precludes Joiner's § 1983 claim for unlawful arrest, we need not address Smith's argument that Joiner's unlawful arrest claim is collaterally estopped.

plaintiff must prove: (1) an injury; (2) which resulted directly and only from the use of force which was excessive to the need; and (3) that the excessiveness of the force was objectively unreasonable. Id. "A plaintiff is no longer required to prove significant injury to assert a section 1983 Fourth Amendment excessive force claim." Harper v. Harris County, Tex., 21 F.3d 597, 600 (5th Cir. 1994). However, the Supreme Court has denied constitutional protection for a "*de minimis* use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 10 (1992); Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992).

The facts alleged by Joiner establish nothing more than the *de minimis* use of force. Joiner testified at his deposition that Smith "slapped the candy bar out of my hand" and "put my hand behind my back and put the cuffs on and he squeezed them real tight and I shouted and he twisted them and I shouted again and then he told me to give him my other hand and he put it behind my back and put the other cuffs on even tighter." Joiner testified that after he was released, he put some alcohol on his wrists, and then went out to a nightclub. Joiner testified that he suffered abrasions and contusions on his wrists. Joiner's medical report from the Quitman County Hospital, where he apparently had his left wrist x-rayed on January 30, 1994, revealed that he suffered a small cut on his left wrist, but no bleeding, and stated that "[t]he bony structures of the hand and wrist are intact. The joint spaces are well maintained. Soft

10

tissues are normal."  Even construing the facts in the light most favorable to Joiner, it is clear that the force used by Smith, as well as the injuries suffered by Joiner, were *de minimis*.  See Hudson, 503 U.S. at 9 (noting that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights" (internal quotation omitted)).  When making an arrest, a police officer is entitled to handcuff the arrestee.  The fact that Joiner suffered some scrapes and bruises on his wrists from the use of handcuffs does not make the force used excessive or objectively unreasonable.

Because we hold that Joiner did not raise a genuine issue of material fact supporting his excessive force claim, we need not address Smith's qualified immunity defense.  Therefore, we conclude that the district court did not err in granting summary judgment for Smith on Joiner's excessive force claim.

## C.    Liability of the Municipality

The district court granted summary judgment in favor of the City because Joiner failed to establish a municipal policy which caused a constitutional violation.  To establish municipal liability under § 1983, a plaintiff must demonstrate that an official municipal policy or custom caused the constitutional violation.  Piotrowski v. City of Houston, 51 F.3d 512, 517 (5th Cir. 1995).  In his brief, Joiner concedes that he has alleged no facts to indicate that any policy-making officials for the City implemented an official policy that caused his alleged

11

constitutional violation, nor has he established a persistent pattern of conduct by city officials that caused the alleged constitutional violation.  Rather, Joiner asks this court to change the rule of <u>Monell v. Dept. of Social Servs. of New York</u>, 436 U.S. 658, 690-94 (1978), reasoning that <u>Monell</u> has been discredited by subsequent Supreme Court cases, such as <u>Heck</u>, which emphasize that the Court will look to principles of the common law in analyzing 42 U.S.C. § 1983.  <u>Monell</u> established the rule that, in a § 1983 action, liability may not be imposed on a governmental entity on a theory of *respondeat superior* for the actions of non-policymaking government employees.  <u>Id.</u>; <u>Brown v. Bryan County, Tex.</u>, 53 F.3d 1410, 1418 (5th Cir. 1995).  Joiner requests that this court replace the official custom or policy rule for municipal liability with common law *respondeat superior*.

We conclude that Joiner's argument lacks merit.  This court has no authority to disregard the Supreme Court's decision in <u>Monell</u>.  Therefore, we conclude that the district court properly granted summary judgment in favor of the City.[5]


**IV. CONCLUSION**

For the foregoing reasons, we AFFIRM.

---

[5]  Joiner argues additionally in his original brief on appeal that the district court abused its discretion in dismissing without prejudice his state law claim of defamation. In his reply brief, however, Joiner concedes that the district court's dismissal of his state law claim was not error. Accordingly, we affirm the district court's dismissal without prejudice of Joiner's state law claim.