IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40524

Summary Calendar
_____

KENNETH D. FORD,

Plaintiff-Appellant,

v.

JAMES A. SHAW, JR.; NATHANIEL QUARTERMAN,
Asst. Warden; GARY L. GRIGGS, Captain;
JANETTE E. SCOTT, Correctional Official;
INEZ V. SIMPSON, Correctional Official,

Defendants,

and

STEVEN MOORE, Sergeant; LARRY S. BUCKLEY,
Correctional Officer; BENTON W. CHADWICK,
Correctional Official,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:94-CV-699)
_____

April 17, 1996

Before KING, HIGGINBOTHAM, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kenneth D. Ford appeals the dismissal of his § 1983 civil rights suit for excessive use of

force and for insufficiency of the evidence used to convict him at his disciplinary hearing. We

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in Local Rule
47.5.4.

affirm the dismissal of his claims against Warden Shaw, Assistant Warden Quarterman, Disciplinary Captain Griggs and Corrections Officers Scott and Simpson. We vacate the dismissal of his excessive use of force claim against Sergeant Moore and Corrections Officers Buckley and Chadwick.

Ford requested a jury trial in his complaint. The magistrate judge conducted an evidentiary hearing under 28 U.S.C. § 636(b)(1)(B) on Ford's claims against Moore, Buckley and Chadwick. Although in the order setting the hearing, the magistrate judge described it as a Flowers hearing, there was no explanation of what that meant. The transcript of the hearing itself does not reflect that the magistrate judge explained the difference between a trial and an evidentiary hearing. After hearing testimony from nine witnesses, the magistrate judge made findings of fact and recommended that judgment be entered in favor of the defendants and that the case be dismissed with prejudice. Ford filed objections to the magistrate judge's report and recommendation, including an objection to the fact that he had not had a jury trial. After conducting a de novo review of the evidentiary hearing tape and Ford's objections to the report and recommendation, the district court adopted the magistrate judge's report and recommendation as correct, entered judgment for the defendants and dismissed the case with prejudice.

On appeal, Ford contends that he was entitled to a jury trial and that he did not consent to a trial before the magistrate judge. The magistrate judge's report and recommendation indicates that the hearing was conducted without an objection by any party. We must therefore consider whether Ford's participation in the magistrate judge's hearing without objection was an implicit waiver of his earlier jury demand. See McAfee v. Martin, 63 F.3d 436, 437 (5th Cir. 1995).

Because the right to a jury trial is a fundamental right, "courts should indulge every reasonable presumption against waiver." Id. (internal quotation and citation omitted). "A waiver should not be found in a doubtful situation." Id. (internal quotation and citation omitted). The question then becomes whether Ford faced a "doubtful situation." See id.

2

A magistrate judge's evidentiary hearing "amounts to a bench trial replete with credibility determinations and findings of fact." Id. When the magistrate judge set the hearing in this case, she referred to it as "an expanded evidentiary hearing pursuant to Flowers . . . ." See McAfee, 63 F.3d at 438. The magistrate judge's order setting the hearing did not explain what a Flowers hearing was. See McAfee, 63 F.3d at 438. Nor does the record indicate that the magistrate judge explained the difference between a trial and an evidentiary hearing at the hearing. See McAfee, 63 F.3d at 437-38.

It thus appears that Ford faced a "doubtful situation." See McAfee, 63 F.3d at 438. Ford's appellate brief also indicates that he did not understand that the magistrate judge was conducting a trial. See id. Ford argues in his brief that he never consented to a trial before the magistrate judge, that the magistrate judge "was only to conduct an investigation to see if claim of violation of [Ford's] rights had light" and that the "burden of proof" remained with "the ultimate trier of fact," presumably the jury. The magistrate judge therefore erred by holding the § 636(b)(1)(B) hearing in the face of Ford's timely jury demand. See McAfee, 63 F.3d at 438.

We affirm the dismissal of Ford's claims against Warden Shaw, Assistant Warden Quarterman, Disciplinary Captain Griggs and Corrections Officers Scott and Simpson. We vacate the dismissal of Ford's excessive use of force claim against Sergeant Moore and Corrections Officers Buckley and Chadwick and remand for further proceedings.

AFFIRMED in part; VACATED and REMANDED in part.