**Willy Hardy KELLY, Plaintiff,**

v.

**Aaron W. PENCE, et al., Defendants.**

**No. 6:96 CV 310.**

United States District Court,
E.D. Texas,
Tyler Division.

April 16, 1997.

Willy Hardy Kelly, Tennessee Colony, TX, pro se.

M. Carol Healy, Atty. Gen. Office, Austin, TX, for Defendants.

## ORDER

JUSTICE, District Judge.

### I. *Introduction*

■ Willy Hardy Kelly, an inmate of the Texas Department of Criminal Justice–Institutional Division ("TDCJ"), proceeding *pro se* and *in forma pauperis* in the above-entitled and numbered civil action, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. This matter was referred to the Honorable Judith K. Guthrie, United States Magistrate Judge. On June 18, 1996, Judge Guthrie conducted a hearing pursuant to 28 U.S.C. § 636(b)(1)(B) and *Flowers v. Phelps*, 956 F.2d 488 (5th Cir.), *modified in part on other grounds*, 964 F.2d 400 (5th Cir.1992), and issued a report and recommendation, concluding that the plaintiff's claims for relief should be denied. Kelly objected to the report, entitling him to a *de novo* review of the record in light of his objections. Because it is found that Kelly did not waive his right to a jury trial, the report and recommendation is rejected.[1]

### II. *Analysis*

■ The right to a jury trial "is a basic and fundamental feature of our system." *Lewis v. Thigpen*, 767 F.2d 252, 260 (5th Cir.1985) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir.1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557

---

1. Although Kelly did not challenge the forfeiture of his right to a jury trial in his objections, and is therefore not entitled to *de novo* review on this issue, this court is not precluded from utilizing *de novo* review. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428 n. 17 (5th Cir. 1996) ("Nothing in this opinion restricts the district court's authority to reject a magistrate judge's report and recommendation."); *Summers v. State*, 927 F.2d 1165, 1167 (10th Cir.1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir.1989) ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate."); *see also Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (discussing 28 U.S.C. § 636(b)(1) and how the statute does not set out any standard of review for a district court to utilize when reviewing a magistrate report to which no objections were filed); 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.").

(1965)). The Constitution therefore mandates that a court "indulge every reasonable presumption against waiver" of this right. *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 393, 57 S.Ct. 809, 811–12, 81 L.Ed. 1177 (1937); *see also Dimick v. Schiedt,* 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935) ("Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the upmost care."). In a "doubtful situation," this court must find that no waiver was made. *McAfee v. Martin,* 63 F.3d 436, 437 (5th Cir.1995). Moreover, when a plaintiff is *pro se,* the court should utilize extra caution in determining whether waiver has occurred. *See, e.g., Lovelace v. Dall,* 820 F.2d 223, 228 (7th Cir.1987) ("[S]tandard waiver rule was overriden by the leniency given to *pro se* litigants on procedural matters.") (citing *Chapman v. Kleindienst,* 507 F.2d 1246, 1253 (7th Cir. 1974)).

■ Although, under certain circumstances, participating in a bench trial without objection may constitute a waiver of the right to a jury trial, *see Casperone v. Landmark Oil & Gas Corp.,* 819 F.2d 112, 116 (5th Cir.1987), any waiver of this right must be knowingly and intelligently effected. As courts have held in other contexts,[2] the knowing and intelligent standard requires that the *pro se* litigant be provided with specific and complete notice of his rights. If no such notice was provided, it is usually presumed that a waiver was not knowingly and intelligently effected.

■ In his complaint, Kelly made a timely demand for a trial by jury.[3] Kelly never explicitly waived this right. Having invoked his right, the inquiry before this court is thus whether Kelly impliedly waived this right to a jury by participating in the *Flowers* hearing. As the Fifth Circuit has noted, a *Flowers* hearing "amounts to a bench trial replete with credibility determinations and findings of fact." *McAfee,* 63 F.3d at 437. The order issued by the Magistrate Judge setting the *Flowers* hearing conducted in this case stated that the case was being set for "an expanded evidentiary hearing pursuant to *Flowers v. Phelps,* 956 F.2d 488 (5th Cir.1992):" Further, the order provided:

> The Parties are put on notice that pursuant to 28 U.S.C. § 636(6)(1)(B), at the conclusion of the hearing, the undersigned will submit to the district judge proposed findings of fact, conclusions of law and recommendations for the disposition of this lawsuit. Credibility determinations will be made of the testimony received in evidence.

*August 5, 1996 Order Setting Flowers Hearing.* At the *Flowers* hearing, the Magistrate Judge instructed Kelly: "And I am going to conduct a hearing in this case pursuant to the *Flowers* opinion; that is, I am going to

---

2. In criminal cases, waiver of the right to counsel, waiver of counsel's conflict of interest, waiver of *Miranda* rights, and waiver of a right to a jury trial must all be knowingly and intelligently effected. *See, e.g., Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) (waiver of right to counsel); *United States v. Webb,* 755 F.2d 382, 390 (5th Cir.1985) (waiver of right to counsel during interrogation); *United States v. Garcia,* 517 F.2d 272, 272 (5th Cir.1975) (waiver of counsel's conflict of interest); *Landry v. Hoepfner,* 818 F.2d 1169, 1178 (5th Cir.1987) (waiver of jury trial).

The knowing and intelligent requirement is not unique to criminal cases. For example, in social security cases, a claimant has a statutory right to counsel. Pursuant to this right, even if the claimant states in unequivocal terms that he is waiving his right to counsel, if inadequate notice was provided concerning the scope of the claimant's right, waiver will be deemed invalid. *See,*

*e.g., Clark v. Schweiker,* 652 F.2d 399, 403–04 (5th Cir.1981); *see also, Binion v. Shalala,* 13 F.3d 243, 245 (7th Cir.1994); *Thompson v. Sullivan,* 933 F.2d 581, 584 (7th Cir.1991).

3. Although the local rules for the Eastern District of Texas provide that "[p]leadings in which a jury is demanded shall bear the word 'jury' at the top, immediately below the case number," E.D. Tex. Local Rule 4(c), it is found that Kelly's failure to comply with this rule was not an effective waiver of his right to a jury, given that Kelly filed his complaint on a standard *pro se* prisoner § 1983 form, which provides a prisoner with detailed instructions on filing a complaint and yet does instruct the inmate to write the word "jury" at the top of the form if the inmate is requesting a jury trial. *See Clark v. Richards,* No. 93–5119 (5th Cir. June 14, 1994) (unpublished) ("[Inmate's] compliance with Federal Rule of Civil Procedure 38(b) was sufficient to make an effective jury demand.").

take the testimony today and then make a recommendation to the district judge as to what I think the resolution of the case should be." *Audio tape of Flowers Hearing conducted in Kelly v. Pence, 6:96cv310 (October 3, 1996).* Although such notice might be sufficient for an attorney, skilled in the ways of the law, this notice is not sufficient for an ordinary *pro se* prisoner litigant.

■ In *McAfee v. Martin,* the Fifth Circuit held that the *pro se* prisoner, McAfee, had not waived his right to a jury trial by submitting to a *Flowers* hearing, because it was "doubtful" that the plaintiff understood that he was waiving his jury trial right. In *McAfee,* the *Flowers* hearing notice, which failed even to provide the plaintiff with an explanation of the purpose of the *Flowers* hearing, was more deficient than the notice at hand. Kelly, unlike McAfee, was provided with notice in the order setting the *Flowers* hearing of what kind of findings would be made at the hearing. This notice, however, is still deficient because it failed to specifically inform Kelly, in plain terms, that a *Flowers* hearing is, in essence, a bench trial on the merits of his claim and that, by participating in the bench trial, Kelly was thereby waiving his right to have a jury hear his claims. Moreover, the order failed to inform Kelly of his right to object to the *Flowers* hearing and thereby preserve his jury trial right; nor was such notice provided at the hearing.

■ It is thus very "doubtful" that Kelly was aware that, by participating in the *Flowers* hearing, he was thereby waiving his right to a jury trial. In order to preserve a *pro se* prisoner litigant's constitutional right to a jury trial, and to insure that any waiver of this right is knowingly and intelligently effected, it is held that *pro se* prisoner litigants must be provided with specific, plain notice, cognizable to the ordinary *pro se* prisoner litigant, that participation in a *Flowers* hearing will result in a waiver of the right to a jury trial, and, as well, must be provided with notice of the opportunity to object to participation in the hearing.

### III. *Conclusion*

In conclusion, it is found that the Magistrate Judge erred in holding the § 636(b)(1)(B) hearing in the face of a timely jury demand, without insuring that Kelly made a knowing and intelligent waiver of his right to a jury trial.

Accordingly, it is **ADJUDGED** that the report and recommendation of the Magistrate Judge should be, and is hereby, **REJECTED.** It is further **ORDERED** that this matter be, and is hereby, **RECOMMITTED** to the Magistrate Judge for further proceedings in accordance herewith.