IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40533
Summary Calendar
_____


HORACE JEFFERY

                              Plaintiff-Appellant,

                    versus

    MICHAEL SAUSEDA, Correctional Officer, Beto I,

                              Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
For the Eastern District of Texas
(6:96-CV-290)
- - - - - - - - - -

ON PETITION FOR REHEARING
March 27, 1998

Before DUHÉ, DeMOSS, DENNIS, Circuit Judges

PER CURIAM:[*]

    Appellee Michael Sauseda's petition for rehearing is denied.
Our panel decision is withdrawn and the following opinion is
substituted.

    Horace Jeffery, Texas prisoner # 669340, filed a civil rights
complaint pursuant to 42 U.S.C. § 1983 against Texas Department of
Criminal Justice - Institutional Division (TDCJ-ID) guard Michael
Sauseda alleging that Sauseda used excessive force against him when

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sauseda came to escort Jeffery to a disciplinary hearing. Prior to the filing of an answer, Jeffery filed a jury demand in compliance with Rule 38(b) of the Federal Rules of Civil Procedure. The magistrate judge issued an order scheduling a bench trial. This proceeding was subsequently referred to as an evidentiary hearing under Flowers v. Phelps, 956 F.2d 488 (5th Cir. 1992), in the clerk's minute entry, the magistrate judge's report, and the judgment of the district court. Based on the evidence presented at this hearing, the magistrate judge recommended that Jeffery's action be dismissed. Jeffery specifically objected to having the trial conducted without a jury. The district court adopted the magistrate judge's recommendation and dismissed Jeffery's complaint with prejudice without mention of the possible denial of Jeffery's right to a jury. Jeffery appeals arguing, *inter alia*, that he was erroneously denied a jury trial.

This court has stated "the right to a jury trial is a fundamental right," and "courts should indulge every reasonable presumption against waiver." McAfee v. Martin, 63 F.3d 436, 437-38 (5th Cir. 1995)(internal quotations and citations omitted). Having considered the briefs and the relevant parts of the record, we conclude that Jeffery properly requested a jury trial and subsequently did not waive his jury demand by participating in the Flowers hearing without objection. See id. at 437-38.

This does not end our inquiry for we must decide whether the error in denying Jeffery jury trial was harmless. See McDonald v.

Steward, 132 F.3d 225,230 (5th Cir. 1998). "'[T]he error is harmless if the evidence could not have withstood a motion for a directed verdict.'" Id. (quoting Lewis v. Thigpen, 767 F.2d 252, 260 (5th Cir. 1985)). A directed verdict should be granted "'[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict.'" Id. (quoting Boeing v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969)(en banc)).

To prevail on an Eighth Amendment claim of excessive force, a plaintiff must establish "that force was not 'applied in a good faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm' and that he suffered an injury." Eason v. Holt, 73 F.3d 600, 601-02 (5th Cir. 1996)(quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

The evidence presented at the Flowers hearing shows the following. On August 17, 1995, Officer Sauseda and another officer arrived at Jeffery's cell to escort Jeffery to a disciplinary hearing. Jeffery was searched and handcuffed. As Sauseda prepared to escort Jeffery out of the cell, Jeffery reached for papers that were on his bunk. Sauseda asked to see the papers. There was conflicting testimony on the events that followed.

The plaintiff testified that Sauseda grabbed the papers from his hand and read the papers. Jeffery said he protested that Sauseda had no right to read his legal papers and requested a ranking officer. According to Jeffery, Officer Sauseda then

grabbed Jeffery by the neck, pushed him into the third floor railing, and threatened to throw him over the rail. Sauseda then pushed Jeffery into the wall and the cell door and pinned Jeffery down by pressing his elbow into the back of Jeffery's neck.

Officer Sauseda paints a different picture of events. Sauseda testified that he requested to see the papers. According to Sauseda, Jeffery became belligerent. Jeffery initially refused to give the papers to Sauseda, but ultimately complied. Sauseda then scanned the papers, determined that they were legal in nature, and returned the papers to Jeffery. According to Officer Sauseda, Jeffery then charged towards Sauseda as they exited the cell and pushed him against the third row railing. Officer Sauseda testified that he feared that Jeffery would push him over the third floor rail or throw himself over the rail. Sauseda reached around the front of Jeffery, grabbed Jeffery's forearm, turned Jeffery around, and pinned him against the cell door and wall. Sauseda held Jeffery until his ranking officer and the video camera he had requested arrived.

Inmate Ricky Allen Demerson testified as a witness for the plaintiff. In part, Demerson testified that he heard Jeffery tell Sauseda not to read his papers. He also heard Sauseda respond that he had a right to read the papers. According to Demerson, Sauseda then grabbed Jeffery and slammed him against the wall and the cell door. Demerson did not see Jeffery charge towards Sausdea or threaten Sauseda. Demerson said he heard Jeffery ask Officer Allen

to get a ranking officer. Demerson testified that Sauseda hit Jeffery on the back of the neck with his elbow in an attempt to hurt him.

The plaintiff's medical records were introduced by the defendant.

From a review of the evidence presented at the hearing, we conclude that the record could support a finding that Officer Sauseda's use of force against Jeffery was "'not . . . in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm.'"  Id.  However, Jeffery must also show that he suffered some injury.  See Knight v. Caldwell, 970 F.2d 1430, 1432 (5th Cir. 1992), cert. denied, 507 U.S. 926 (1993). As this court has noted:

> The Supreme Court's decision [in Hudson v. McMillian, 503 U.S. 1(1992)] makes clear that we can no longer require persons to prove "significant injury," as we had used that term for years, under section 1983.  The Court's holding, however, does not affect the rule that requires proof of injury, albeit significant or insignificant.  In fact, the Supreme Court specifically denied constitutional protection for "de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 503 U.S. at ---.

Id. The only evidence submitted at the hearing on this issue was Jeffery's medical records.[2] The medical records show that, on the date of the use of force, Jeffery complained that his handcuffs were too tight. The examining nurse could find no injury. The medical records also show that, four days after the use of force, Jeffery was brought to the infirmary complaining of back pain. On the sixth and seventh day following the use of force, Jeffery was brought to the infirmary complaining that he was experiencing nausea and headaches and was spitting up blood as a result of the use of force. From a review of this evidence we cannot say that a reasonable jury could not find that Jeffery suffered a constitutionally cognizable injury. Compare Flowers v. Phelps, 956 F.2d 488 (5th Cir. 1992) (moderate swelling and probable sprain of ankle, small abrasion, and a limited range of motion due to pain not de minimis injury), modified on other grounds, 964 F.2d 400 (5th Cir. 1992), with Siglar v. Hightower, 112 F.3d 191, 193 (5th

---

[2] At the Spears hearing, the magistrate asked Jeffery what injury he had sustained as a result of the use of force. Jeffery stated that he had experienced numbness in his arm caused by the handcuffs being too tight. He also testified that he had experienced headaches, lower back pain, and numbness from being slammed against the wall and from having Sauseda's elbow pressed to the back of Jeffery's neck. (Jeffery indicated that Sauseda's acts may have aggravated an existing injury, a bullet lodged in the back of Jeffery's neck.) The magistrate then asked a nurse to read Jeffery's medical records for August 17, 1995. The medical records indicated that Jeffery was examined immediately following the use of force and was found to have suffered no injury. At the hearing that followed, Jeffery presented no evidence of injury. Defendant-Sauseda introduced Jeffery's medical records.

Cir. 1997) (sore, bruised ear that lasted for three days was de minimis injury).

Accordingly, we conclude that Jeffery presented sufficient evidence to withstand a motion for a directed verdict on his Eighth Amendment claim. The error in denying a jury trial was not harmless.

For the foregoing reasons, the judgment of the district court is REVERSED. Jeffery has requested counsel be appointed on appeal and has requested that he be granted a default judgment because the defendant's brief was late under Rule 31 of the Federal Rules of Appellate Procedure. Neither motion is well taken and both are DENIED. Jeffery also moves to supplement the record on appeal. That motion is DENIED because it contains materials not presented to the district court. See United States v. Okoronkwo, 46 F.3d 426, 435 (5th Cir.), cert. denied, -- U.S. --, 116 S. Ct. 107 (1995). Sauseda's motion to supplement the record on appeal to include exhibits presented to the district court is GRANTED.