United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-60188
Summary Calendar

_____

PHILLIP MARCUS CARTER,

Plaintiff-Appellant,

versus

LOWNDES COUNTY; ED PRESCOTT, Sheriff of Lowndes County,
in his individual and official capacity; RON MUSGROVE,
Superintendent, Lowndes County Adult Detention Center;
JESSIE BROOKS, Lieutenant, Lowndes County Adult Detention
Center; JOHNNY BLEVINS, Sergeant; MARTINEZ, Nurse,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:00-CV-495
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Phillip Carter, Mississippi prisoner # 04491, appeals from
the district court's dismissal with prejudice of his 42 U.S.C.
§ 1983 civil rights complaint and entry of judgment for the
defendants following an evidentiary hearing. Carter's complaint
against the defendants (collectively, Lowndes County) challenged

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the conditions of his confinement, his medical care, and access to religious services and to the courts, all while he was a pretrial detainee. Carter has not briefed his argument that Lowndes County failed to train its employees in accordance with the Rehabilitation Act of 1974. Accordingly, he has waived this issue on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

An evidentiary hearing consistent with Flowers v. Phelps, 956 F.2d 488 (5th Cir.), vacated and superceded on other grounds on reh'g, 964 F.2d 400 (5th Cir. 1992) and 28 U.S.C. § 636(b)(1)(B), as in this case, "amounts to a bench trial replete with credibility determinations and findings of fact." McAfee v. Martin, 63 F.3d 436, 437 (5th Cir. 1995). This court reviews factual findings under a clearly erroneous standard and legal conclusions de novo. FED. R. CIV. P. 52(a); Newton v. Black, 133 F.3d 301, 305 (5th Cir. 1998).

Conditions of confinement

Carter argues that, as a result of his infection with HIV, Lowndes County placed him in solitary confinement in an unsanitary cell, denied him "yard time" and shower privileges, and served his meals on styrofoam trays. To prevail on a 42 U.S.C. § 1983 claim regarding the conditions of his confinement, Carter must establish that the conditions which allegedly caused an injury amounted to punishment and were not

incident to some other legitimate governmental purpose.
See Bell v. Wolfish, 441 U.S. 520, 535, 538 (1979).

The record reflects that Lowndes County's policy of segregating inmates with contagious diseases served a two-fold purpose of protecting the general population and protecting infected inmates from retaliation. This policy, as well as the method of food service to inmates infected with contagious diseases, serves a legitimate penological interest. See Moore v. Mabus, 976 F.2d 268, 271 (5th Cir. 1992). The district court was entitled to rely upon Lowndes County officials' testimony that Carter had been offered cleaning supplies to clean his cell and had been given "yard time" and shower privileges. See McAfee, 63 F.3d at 437. The district court did not err in dismissing this claim.

Medical care

Carter argues that Lowndes County staff ignored his requests to administer his medications at specific times. To establish unconstitutional conduct related to medical care, Carter must show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted. Wagner v. Bay City, Tex., 227 F.3d 316, 324 (5th Cir. 2000).

At the evidentiary hearing, Carter did not deny that he had received his medications. Rather, he disagreed with the administration schedule. He acknowledged that he did not believe

the misadministration was intentional, and he further conceded that his viral load levels had returned to an undetectable state. Carter's mere disagreement with his medical treatment is insufficient to establish deliberate indifference. See <u>Williams v. Treen</u>, 671 F.2d 892, 901 (5th Cir. 1982). Accordingly, the district court did not err in dismissing this claim.

<u>Free exercise of religion</u>

Carter contends that, as a result of his infection with HIV, Lowndes County prohibited him from attending religious services with the general population. The standard for evaluating the validity of prison rules related to the exercise of religion is whether the rules are "reasonably related to legitimate penological interests." See <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987); <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir. 1995).

Lowndes County's segregation policy for inmates with contagious diseases served a legitimate penological interest. See <u>Moore</u>, 976 F.2d at 271. Moreover, the record reflects that, upon a segregated inmate's request, a minister will visit the individual cell. The district court did not err in dismissing this claim.

<u>Free access to the courts</u>

Carter argues that he was denied writing materials and access to the law library, which prevented him from filing a

motion to dismiss pending charges.  To prevail on his access-to-the-courts claim, Carter must show an actual injury.  See Lewis v. Casey, 518 U.S. 343, 349-51 (1996).

Without providing any detail, Carter contends in a summary fashion that his post-conviction efforts have been prejudiced. Carter has failed to explain, either at the evidentiary hearing or on appeal, how his position as a litigant was adversely affected.  See Lewis, 518 U.S. at 350-53.  Accordingly, the district court did not err in dismissing this claim. The judgment of the district court is AFFIRMED.