United States Court of Appeals,

Fifth Circuit.

No. 90-3334.

Alfred FLOWERS, Plaintiff-Appellee Cross-Appellant,

v.

C. Paul PHELPS, et al., Defendants,

v.

Norman JOHNSON, David Blaylock and Robert McBride,
Defendants-Appellants Cross-Appellees.

March 30, 1992.

Appeals from the United States District Court for the Middle
District of Louisiana.

Before THORNBERRY, KING, and DEMOSS, Circuit Judges.

KING, Circuit Judge:

Defendants-appellants Norman Johnson, David Blaylock, and
Robert McBride, correctional officers at the Louisiana State
Penitentiary at Angola, appeal the judgment of the district court
awarding a total of $3,000 in actual damages, $25,000 in punitive
damages and $1,406.25 in attorney's fees to Alfred Flowers, an
inmate, as a result of injuries sustained by Flowers in a beating
by the defendants. Flowers cross-appeals the district court's
reduction in attorney's fees from the amount that he requested.
Finding no error, we affirm.

I. BACKGROUND

When Flowers returned from a scheduled meeting with the
disciplinary board of the penitentiary on April 15, 1987,

corrections officers Johnson, McBride, and Blaylock ("the defendants") left him outside on the walkway between the units instead of escorting him to his unit. Then, they handcuffed Flowers, attaching the handcuffs to a waist belt restraint and foot shackles. The officers proceeded to beat and kick Flowers without provocation.[1] As a result of the beating, Flowers suffered from a moderate swelling and probable sprain of his left ankle, a small abrasion, and a limited range of motion due to pain. He was treated with an ace bandage and pain medication. Flowers stated that his knee locks and he has scars and chronic pain as a result of the incident.

Flowers brought suit under 42 U.S.C. § 1983 and state law against various officials of the Louisiana Department of Public Safety and Corrections and the Louisiana State Penitentiary in both their official and individual capacities, including Johnson, McBride, and Blaylock. The district court dismissed all defendants from the suit except for Johnson, McBride, and Blaylock. The district court then referred the suit to a magistrate.

Flowers' claims under the Eighth Amendment and Louisiana law for excessive use of force were tried to a magistrate over a two-day period. The magistrate issued a twenty-three page report

---

[1] An inmate who testified on Flowers' behalf recounted that he complained about the attack on Flowers to the defendants' supervisor. The inmate testified that, instead of reporting the incident, the supervisor located the defendants and told them that "when they pulled off something like that to be sure no one sees it."

and recommendations which discussed the testimony of numerous witnesses in detail and made explicit credibility determinations. Following the receipt of objections by the defendants, the magistrate issued an even more extensive substitute report and recommendation, addressing the *en banc* opinion in *Johnson v. Morel*, 876 F.2d 477 (5th Cir.1989), which had been released only days before the initial report. In summary, the magistrate accepted Flowers' version of the beating, which was corroborated in essential respects by the testimony of several witnesses, and found the defendants' versions not credible.

The district court considered the magistrate's substitute report and recommendation along with both Flowers' and the defendants' written objections to this report. The district court issued findings of fact and conclusions of law adopting the recommendations of the magistrate, and referred the case back to the magistrate for a determination as to attorney's fees. The magistrate considered supplemental memoranda filed by both parties pertaining to the award of attorney's fees, and issued a report recommending Flowers' counsel be awarded $1,406.25. The district court adopted these findings, and issued its final judgment with respect to all issues and claims on July 19, 1990. The defendants appeal from the district court's decision on the grounds that (1) Flowers' notice of appeal was insufficient; (2) the district court erroneously determined that Flowers showed an Eighth Amendment violation; and (3) the Eleventh Amendment barred adjudication of Flowers' state law claim. Flowers cross-appeals, contending that

(1) the defendants' notice of appeal was insufficient, and (2) the district court erred in making a downward reduction of the amount of attorney's fees claimed.  We consider each of these issues below.

## II. DISCUSSION

A. *Sufficiency of notices of appeal*

Both Flowers and the defendants attack each others' notices of appeal as insufficient under Federal Rule of Appellate Procedure 3(c).  Flowers contends that the appeal by Sergeants Blaylock, Johnson, and McBride is insufficient because all three appellants were not named in the caption of the notice of appeal.  Rule 3(c) mandates that the notice of appeal must specify the party or parties taking the appeal.  *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317–18, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988). The text of the defendants' notice of appeal expressly gives such notice to both the court and Flowers.  The notice meets the requirements of Rule 3(c) because the identity of appellants, Johnson, Blaylock, and McBride, appears on its face.  *See Barnett v. Petro-Tex Chem. Corp.,* 893 F.2d 800, 805 (5th Cir.), *cert. denied,* ––– U.S. ––––, 110 S.Ct. 3274, 111 L.Ed.2d 784 (1990).

The defendants argue that Flowers' notice of appeal is insufficient because it fails to name the party against whom the appeal is being taken.  Rule 3(c), however, has no such

requirement. *Longmire v. Guste,* 921 F.2d 620, 623 (5th Cir.1991) (noting that this concern is satisfied by Fed.R.App.P. 3(d)'s requirement that the clerk notify all parties other than appellant that appeal has been taken). As a result, we find that this contention lacks merit.

B. *Eighth Amendment claim*

The district court determined that because the defendants deliberately used totally unnecessary force in their brutal beating of Flowers, Flowers demonstrated an Eighth Amendment violation. The defendants argue that this is not the proper legal standard for assessing an excessive use of force claim. The defendants maintain that the district court was required to make a finding as to whether Flowers' injuries met the significant injury requirement *before* deciding whether the defendants used excessive force on Flowers.

The Supreme Court's newly released opinion in *Hudson v. McMillian,* --- U.S. ----, 112 S.Ct. 995, --- L.Ed.2d ---- (1992), makes clear that a plaintiff who brings an excessive use of force claim need not show a significant injury in order to prove an Eighth Amendment violation. Rather, the proper inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 112 S.Ct. at 998 (citing *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986)). The Court further

observed that while the seriousness of injury may prove relevant in assessing whether the degree of force used was wanton and unnecessary, the absence of serious injury does not end the Eighth Amendment inquiry. *Id.*

The magistrate reviewing Flowers' claim, guided by *Whitley,* concluded that "in the Eighth Amendment context, a finding that the plaintiff suffered a severe injury is not constitutionally required." The district court adopted this conclusion of law, expressly agreeing with the magistrate that "there is no degree-of-injury threshold for Eighth Amendment claims of excessive force." With remarkable prescience, then, the district court used the exact judicial inquiry set forth by the Supreme Court in *Hudson* to assess Flowers' claim.

The magistrate found that the defendants attacked Flowers without provocation or rational justification and, "[w]hile they did not cause any objectively significant injury, it is clear that their intention was to cause [Flowers] sufficient pain to dissuade him from filing requests for administrative relief against the defendants in the future." The magistrate further determined that Flowers' repeated use "of the approved inmate grievance procedure and his participation in a hunger strike cannot be considered sufficient provocation to justify the conduct of the[ ] defendants." These findings precisely undergird the district court's conclusion that the Flowers showed an Eighth Amendment violation "under the circumstances of this case involving the

deliberate use of totally unnecessary force."  [2]    Therefore, contrary to the defendants' assertion, the district court employed the correct legal standard in assessing Flowers' claim.[3]

C. *Award of attorney's fees*

Flowers also contends that the district court erred in reducing the amount of attorney's fees claimed.  "[T]he court, in its discretion, may allow the prevailing party other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988.  At the request of the magistrate, the parties provided supplemental briefs on the issue of attorney's fees.  The district court relied on the detailed, thorough findings and recommendation of the magistrate made specifically on the issue of

---

[2]The findings underlying the district court's decision to award punitive damages also highlight the defendants' deliberate and malicious treatment of Flowers.  The district court awarded punitive damages to Flowers based on the magistrate's finding that "the defendants acted maliciously and wantonly and with reckless indifference to [Flowers'] right to be free from cruel and unusual punishment," and its conclusion that a punitive damages award "would adequately serve the dual goals of punishing the defendants for their conduct and deterring others from engaging in similar behavior."

[3]The defendants also challenge the factual findings and credibility determinations supporting the district court's conclusion that Flowers suffered a constitutionally cognizable injury.  The record amply supports the magistrate's factual findings adopted by the district court.  In addition, the magistrate reviewed the evidence and testimony presented by each side for credibility and internal consistency, and recommended judgment for Flowers.  The district court reviewed each credibility determination and found them all to be reasonable before adopting the magistrate's findings.  We find no error in the district court's adoption of these findings.

attorney's fees.[4]  The district court did not err in adopting the magistrate's recommendation.

The defendants counter that Flowers should not have received attorney's fees because his injury was not constitutionally significant.  Because we uphold the district court's finding of an Eighth Amendment violation, we find this argument meritless.

D. *Eleventh Amendment Immunity*

The defendants argue that the Eleventh Amendment barred the district court from adjudicating Flowers' state law claim or awarding money damages.  The defendants point out that Louisiana provides indemnity to state officials from damages and costs arising out of suits for negligence or other acts committed within the scope of the official's employment.  La.Rev.Stat.Ann. §§ 13:5108.1 and 13:5108.2.  Section 13:5108.1(A) provides immunity from suits brought pursuant to 42 U.S.C. §§ 1981–1983, and §

---

[4]In the supplemental brief, Flowers' attorney requested $2,406.25 in attorney's fees for his representation of Flowers. The defendants opposed this amount, pointing out that the attorney did not account adequately for his hours on several dates.  After a review of the case file, from the pleadings to the pretrial order, the magistrate reduced the attorney's estimate of the time he expended to reflect the amount of time required to prepare the work products relating to Flowers' meritorious claims.  The magistrate also reduced the proffered hourly rate from $125 to $112.50.  The magistrate observed that "it was important to make an adequate record to support the plaintiff's claims in light of the unfavorable jurisprudence," and that counsel's withdrawal before the evidentiary hearing left Flowers to carry this difficult burden at trial.  In light of this observation, we conclude that the reduction in hourly fee was reasonable.

13:5108.2(B) provides indemnity for "any claim, demand, suit, or judgment in any court." However, both sections provide that no such indemnity shall be paid if the damages result from "the intentional wrongful act or gross negligence" of the state official. La.Rev.Stat.Ann. § 13:5108.1(A) and 13:5108.2(B).

The defendants rely on *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183 (5th Cir.1986), and *Hughes v. Savell*, 902 F.2d 376 (5th Cir.1990), to support their position. In *Voisin's Oyster House*, the plaintiff sued state employees only in their official capacities. 799 F.2d at 188. We held that the Eleventh Amendment barred the suit because "a suit against [the defendant] in his official capacity is really a suit against the state." *Id.* In *Hughes*, we found that Louisiana law did not permit an individual *negligence* action against a prison guard for failure to protect the plaintiff from other inmates. 902 F.2d at 379 n. 5. Neither case dealt squarely with the issue before us here—whether the Eleventh Amendment bars a Louisiana state law action brought against a state employee in his individual capacity for his wrongful, intentional acts.

Louisiana's indemnity statute does not obligate the state to pay damages awarded for intentional acts committed by its employees. Flowers alleged that the defendants intentionally beat and kicked him, an allegation which the district court found to be true. Because the state statute does not mandate indemnification in this case, the Eleventh Amendment does not bar Flowers'

Louisiana tort claim.  *See Hughes,* 902 F.2d at 379 n. 5.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.