**Alfred FLOWERS, Plaintiff–Appellee, Cross–Appellant,**

**v.**

**C. Paul PHELPS, et al., Defendants,**

**v.**

**Norman JOHNSON, David Blaylock and Robert McBride, Defendants–Appellants, Cross–Appellees.**

**No. 90–3334.**

United States Court of Appeals, Fifth Circuit.

June 16, 1992.

---

Joseph E. Kopsa, Asst. Atty. Gen., Kimberly Slay Morgan, William J. Guste, Jr., Atty. Gen., LA Dept. of Justice, Div. of Risk Litigation, Baton Rouge, La., for appellants.

Alfred Flowers, Pro se.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion March 30, 1992, 5th Cir.1992, 956 F.2d 488)

Before THORNBERRY, KING and DEMOSS, Circuit Judges.

PER CURIAM:

We vacate part IID of our opinion in *Flowers v. Phelps*, 956 F.2d 488 (5th Cir. 1992), and substitute the following therefor:

The defendants argue that the Eleventh Amendment barred the district court from adjudicating Flowers' state law claim or awarding money damages. The defendants point out that Louisiana provides indemnity to state officials from damages and costs arising out of suits for negligence or other acts committed within the scope of the official's employment. La. Rev.Stat.Ann. § 13:5108.1 and 13:5108.2. Section 13:5108.1(A) provides immunity from suits brought pursuant to 42 U.S.C. §§ 1981–1983, and § 13:5108.2(B) provides indemnity for "any claim, demand, suit, or judgment in any court." [1]

The district court entered judgment in favor of Flowers on both federal and state law claims. Only the $3,000 award for actual damages pertains to both claims; the $25,000 punitive damages award pertains to the federal claim only. Because we affirm the district court's judgment on Flower's federal claim, that claim supports the actual damages award.[2] As a result, we need not consider whether the Eleventh Amendment barred the district court from considering Flowers' state law claims.

\* \* \*

---

1. Both sections also provide that no such indemnity shall be paid if the damages result from "the intentional wrongful act or gross negligence" of the state official. La.Rev.Stat.Ann. § 13:5108.1(A) and 13:5108.2(B).

2. Since Flowers sued the defendants in their individual capacities for violation of his constitutional rights, the Eleventh Amendment does not bar his federal claim. *Scheuer v. Rhodes*, 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974); *Frazier v. King*, 873 F.2d 820, 827 (5th Cir.), *cert. denied sub nom. Davoli v. Frazier*, 493 U.S. 977, 110 S.Ct. 502, 107 L.Ed.2d 504 (1989). The existence of a state immunity statute does not render these individuals immune from federal suit. *Benning v. Board of Regents of Regency Univs.*, 928 F.2d 775, 778–79 (7th Cir.1991); *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir.1988); *Downing v. Williams*, 624 F.2d 612, 626 (5th Cir.1980), *vacated on other grounds*, 645 F.2d 1226 (5th Cir.1981).

The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the Suggestion for Rehearing En Banc is DENIED.