# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

No. 95-40087
Summary Calendar

---

JOHN JULIAN DAYSE,

Plaintiff-Appellant,

VERSUS

JIMMY ALFORD, Etc., ET AL.,

Defendants,

JIMMY ALFORD, Senior Warden, M. W. MOORE, Regional Director,
FNU HUKILL, Sargent, UNIDENTIFIED PARKER, Lt. Warden,
and UNIDENTIFIED CASKEY, Warden,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Texas
(6:94-CV-101)

---

November 2, 1995

Before THORNBERRY, GARWOOD and DeMOSS, Circuit Judges.

PER CURIAM:[*]

---

[*]Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

Appellant, John Dayse, is an inmate currently incarcerated in the Texas Department of Criminal Justice, Institutional Division (T.D.C.J. - I.D.). He appeals the dismissal of his *pro se*, *in forma pauperis* civil rights complaint. We affirm.

Background

In this 42 U.S.C. § 1983 complaint Dayse argued that he was subjected to excessive use of force during an altercation with T.D.C.J. officers, in violation of the Eight Amendment.[1] In addition, he complained that T.D.C.J. officials apply excessive force disproportionately against African-American inmates in violation of the Equal Protection Clause.

After holding a <u>Flowers</u>[2] hearing the district court determined that excessive force was not used against Dayse and entered judgments in favor of the defendants. The court also dismissed the equal protection claim because a class action suit on that same issue is currently pending. The court also noted that Dayse had failed to show he was the victim of racism or was denied equal protection as a result of the use of force incident.

---

[1] The district court dismissed claims against Moore, Alford, Parker, Caskey, and Hukill because Dayse's allegations failed to demonstrate that any of these defendants were personally involved in the alleged wrongful conduct.

[2] <u>Flowers v. Phelps</u>, 956 F.2d 488 (5th Cir.), *modified in part on other grounds*, 964 F.2d 400 (5th Cir. 1992).

Discussion

Dayse first asserts the district court erred in dismissing his equal protection claim. A class action lawsuit against T.D.C.J.- I.D involving discrimination against African-American inmates is currently pending in the Southern District of Texas.[3] Dayse cannot maintain a separate suit for equitable relief. *See* Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (inmates not entitled to bring individual lawsuits for equitable relief during pendency of Ruiz litigation). The district court did not err in dismissing this claim.

Dayse next complains the district court erroneously dismissed his Eighth Amendment excessive force claim. To prevail on this contention, a prisoner must show that the force was not applied in a good faith effort to maintain discipline but rather, was administered maliciously and sadistically to cause harm. Hudson v. McMillian, 112 S.Ct. 995, 999 (1992).

The magistrate judge found that Dayse had been the instigator in the incident which prompted the use of force against him. The record from the Flowers hearing indicates that Dayse and Officer Coates exchanged blows resulting from a verbal confrontation after Dayse had "brushed up" against Coates. Coates testified that Dayse struck the first blow, and that Coates fought back in self-defense. Other officers were called to pull Dayse off Coates. Both Coates and Dayse sustained similar injuries. Testimony from four other defense witnesses supported Coates' version of the altercation. The magistrate judge found that officers used only that force necessary to restore and maintain discipline and their actions were reasonable under the circumstances. Our review of the record indicates the magistrate's factual findings regarding this contention are fully supported by the

---

[3] Lamar v. Collins, No. 72-H-1393.

evidence.[4] Dayse fails to show these findings were clearly erroneous. The district court did not err in dismissing Dayse's Eighth Amendment Claim.

Dayse next asserts the magistrate judge should have recused himself. The record reflects that Dayse filed a motion to recuse the magistrate judge, which was denied, but was not appealed to the district court. Since Dayse did not appeal, this court will not review the denial of his motion. *See* Colburn v. Bunge Towing, Inc., 883 F.2d 372, 379 (5th Cir. 1989).

Finally, Dayse complains the district court should not have denied his motions for appointment of counsel and to compel discovery. Dayse admits that he wanted the assistance of counsel and discovery only to obtain information regarding his contention that excessive force was used against African-Americans. The district court found that officers did not use excessive force against Dayse and properly dismissed his equal protection complaint. Therefore, information sought regarding discrimination against African-Americans was not relevant to the issues before the district court, and no prejudice from the court's denial of the motions can be demonstrated.

Conclusion

We find no merit to any of Dayse's contentions. The judgment of the district court dismissing this complaint with prejudice is therefore

AFFIRMED.

---

[4] Although Dayse disputes the officers' version of the facts, the magistrate judge resolved credibility disputes in favor of the defendants. We do not disturb credibility determinations on appeal. *See* Williams v. Fab-Con, Inc., 990 F.2d 228, 230 (5th Cir. 1993).