**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 94-41167
Summary Calendar
_____


BILLY WAYNE HORTON,

Plaintiff-Appellant,

VERSUS

JANIE COCKRELL, ET AL.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Eastern District of Texas
92-CV-465
_____

November 13, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Horton challenges the dismissal of his 42 U.S.C. § 1983 complaint following a <u>Flowers</u>[2] hearing conducted by the magistrate pursuant to 28 U.S.C. § 636(b)(l)(B) and the adoption of the magistrate's recommendation. We find no error and affirm.

---

[1]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

[2] <u>Flowers v. Phelps</u>, 956 F.2d 488 (5th Cir.), <u>modified on other grounds</u>, 964 F.2d 400 (5th Cir. 1992).

Billy Wayne Horton, a Texas Department of Criminal Justice (TDCJ) prisoner, filed a 42 U.S.C. § 1983 complaint alleging that he was subject to constant threats of violence while housed at the Beto I Unit. He alleged that white inmates were subject to extortion by black and hispanic inmates. Horton further alleged that the threats were reported to defendant Warden Cockrell and that she refused to take any action to end the threats.

The magistrate judge scheduled a Spears[3] hearing. Following the hearing, Horton filed a motion for leave to file a supplemental complaint, alleging that he had been repeatedly assaulted since filing his complaint. The magistrate judge denied this motion. The magistrate judge recommended that Horton's complaint be dismissed as frivolous and that Horton's motion to proceed in forma pauperis (IFP) be denied. The district court adopted the recommendation and dismissed the complaint. Horton appealed the dismissal, and this court, in an unpublished opinion, vacated the district court's order in part and remanded the case for further proceedings.

Following remand, the magistrate judge granted Horton's motion to file a supplemental complaint and directed the defendants to respond. In his supplemental complaint, Horton alleged that he had notified defendants Glimp and Ramirez that he had been threatened with the use of force by inmate Alcorn unless he paid extortion money. Horton contended that he was assaulted a few days later by

---

[3]Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Alcorn and some other black inmates because he refused to pay the extortion money.  Horton also alleged that he was threatened and assaulted by a black inmate after being moved to the Bill Clements Unit of TDCJ.

The magistrate judge recommended that the claims regarding incidents at the Clements Unit be severed and transferred to the Northern District of Texas, where the incidents had occurred.  The district court adopted the magistrate judge's recommendation and transferred the claims concerning the Clements Unit.

After the defendants filed an answer, the magistrate judge scheduled an "expanded evidentiary hearing" pursuant to Flowers and directed the parties to submit a witness list and a brief summary of the proposed testimony of each witness.  The defendants filed a Notice of Disclosure, stating that they had provided Horton with the required information under the Civil Justice Expense and Delay Reduction Plan pursuant to the Civil Justice Reform Act of 1990.

Horton submitted a list of three witnesses.  The magistrate judge ordered the marshal to produce two of the three listed witnesses at the hearing.  After Horton presented his witnesses at the hearing, the defendants moved for a dismissal of the case, arguing that Horton had not proved that any of the defendants had violated his rights.

At the close of the hearing, Horton made an inquiry about how further discovery in the case would be conducted.  The magistrate judge stated that she would be issuing a recommendation to the district court and advised Horton that the hearing had "basically

been [his] trial." Horton stated that he had understood that the magistrate judge was merely holding a hearing and expressed surprise that he would not be having a jury trial. The magistrate judge responded that he had not requested a jury trial when he had the opportunity. Horton objected on the basis that he had not consented to the trial before the magistrate judge. The magistrate judge agreed that he had not consented to having her try the case, but stated that he had agreed to appear before the district court and that she would be making a report to the district court.

Following the hearing, Horton filed a motion for new trial or, alternatively, a motion to reopen the case. Horton argued that he had not been notified that a "trial" was to be held and that he had not prepared for trial. The magistrate judge granted Horton's motion to the extent that she allowed him to submit additional evidence which was relevant to the incidents occurring at the Beto I Unit.

Horton filed a motion to conduct additional discovery. He sought to obtain a videotape recorded in the prison on the day that he was assaulted and the disciplinary records of the inmates who had assaulted him. The magistrate judge ordered the defendants to provide Horton with a copy of the videotape, but denied Horton's request to obtain the disciplinary histories of the inmates who attacked him. The defendants advised the magistrate judge that they had provided the tape to Horton.

Horton filed a motion to compel discovery, alleging that he had not received the tape. He subsequently filed a second motion

4

to compel discovery, arguing that the defendants had not shown him the entire tape. The defendant responded that Horton viewed the only tape that exists regarding the alleged assault incident. The magistrate judge denied Horton's motion to compel and his second motion to compel.

Horton then filed a motion to recuse the magistrate judge from further proceedings in the case, arguing that she summarily denied his motions without investigation and did not provide sufficient reasons for denying the motions. Horton also filed a motion for sanctions against the defendants based on their failure to comply with discovery orders. He contended that the defendants erased portions of the requested videotape in violation of prison regulations.

Horton also filed a jury demand. He argued that he is entitled to a jury trial because he had not been notified that the hearing would be his trial. Horton also filed a motion to change discovery tracks so that he could conduct further discovery in the case. The magistrate judge denied Horton's motions for recusal, sanctions, to change discovery tracks, and his request for a jury trial.

The magistrate judge recommended that the case be dismissed with prejudice. The magistrate judge determined that the defendants did not have knowledge that Horton was exposed to an excessive risk of harm to his health and safety. Horton filed objections to the recommendation. The district court adopted the

magistrate judge's recommendation and dismissed the complaint with prejudice.

## II.

### A.

Horton argues first that the magistrate judge did not have jurisdiction to conduct a trial because he did not consent to her doing so pursuant to 28 U.S.C. § 636(c)(1). Consent under § 636(c)(1) is required only when the magistrate judge is to both conduct the proceedings and enter the judgment.

Title 28 U.S.C. § 636(b)(1)(B) provides that "a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of prisoner petitions challenging conditions of confinement." In Flowers, 956 F.2d at 490, a hearing was conducted pursuant to § 636(b)(1). The procedure followed in Flowers is acceptable unless the plaintiff has properly demanded a jury trial.[4] See Archie v. Christian, 808 F.2d 1132, 1135 (5th Cir. 1987). Because, as discussed below, Horton did not make a timely demand for a jury trial, the magistrate judge had the authority to conduct the evidentiary hearing and to submit proposed findings of fact and a dispositional recommendation to the district court. Horton, however, has not

---

[4]Horton argues that he was entitled to a trial by jury although he failed to make a jury demand in a timely manner as required by Fed. R. Civ. P. 38(b). Horton argues that the delay was excusable because he was not aware that the evidentiary hearing would be the "trial" of the case.

argued that the denial of his jury demand is grounds for reversal, thus we need not give this argument further consideration.

B.

Horton argues that the magistrate judge should have granted him a new trial rather than just allowing him to present additional documentary evidence. He argues that he was entitled to the new trial because he was not aware that the evidentiary hearing would be his "trial."

The denial of a motion for new trial will be reversed only if there is a clear showing of an abuse of discretion. <u>Dawsey v. Olin Corp.</u>, 782 F.2d 1254, 1261 (5th Cir. 1986). With respect to Horton's argument that the magistrate judge failed to notify him that the hearing would be the "trial" of the case, the scheduling order correctly described the proceeding as an expanded evidentiary hearing pursuant to <u>Flowers</u>. The order directed the parties to provide a witness and exhibit list to the court and did not advise the parties that they were required to make only a prima facie case. Any omission to more adequately warn Horton that this hearing would be his only opportunity to present evidence was harmless since the magistrate judge permitted Horton to submit additional evidence after the hearing was completed.

In his motion for new trial, Horton complained that he was not given the opportunity to present evidence of general grievances that he had filed about the constant threat of violence at the Beto I Unit, evidence of incidents that occurred at the Clements Unit,

7

and a videotape recorded at the prison on the date that Horton was attacked by several black inmates.

The magistrate judge allowed Horton to submit the grievances into evidence after the hearing. The magistrate judge also ordered the defendants to provide Horton with the requested videotape. Defense counsel responded in a letter that he had reviewed the tape and determined that it did not show the altercation between Horton and the other inmates although it showed the inmates being processed after the incident was over. Horton filed a motion to compel the production of the entire tape. Defense counsel responded that the TDCJ officials advised that the videotape produced was the only tape existing regarding the incident involved in the suit. Thus, Horton could not have obtained further evidence from the tape even if he had received a new trial.

Horton also argued in his motion that he wished to present evidence of incidents occurring at the Clements Unit to show that proper procedures were not followed by prison officials. The magistrate judge specifically precluded Horton from introducing evidence of the incidents occurring at the Clement Unit. Thus, she would not have admitted such evidence at a second hearing. Further, this ruling was not an abuse of discretion because the manner in which incidents were addressed by officials at the Clements Unit was not relevant to the procedures followed at the Beto I Unit.

Horton also argued in his motion that he would seek discovery of inmate Alcorn's prior disciplinary history because he believed

8

that prison officials knew that Alcorn had assaulted and/or extorted other inmates. He argues that such evidence would have shown that Alcorn should have been segregated from the other inmates. If Horton was correct with respect to the content of Alcorn's disciplinary history, such evidence may have led to the discovery of relevant evidence of Alcorn's proclivity to assault inmates, but it would not have established that the prison officials had knowledge that Alcorn was a particular threat to Horton. Thus, even if Horton was not afforded the opportunity to discover this evidence, it was not an abuse of discretion to refuse to grant a new trial on that basis.

Horton also argued in his motion for new trial that he had intended to file a motion for class certification because it would then have been easier to obtain evidence that every white inmate is assaulted. He also contended that he would have filed a motion for the appointment of counsel to represent the class. Because Horton failed to prove his substantive "failure to protect" allegations, the issue whether the action was suitable for class certification is moot as is his motion for appointment of counsel to represent the class.

C.

Horton argues next that the magistrate judge abused her discretion in severing and transferring his claims that concerned incidents occurring in the Clements Unit. Horton argues that his claims concerning the Clements Unit were better documented than the Beto I claims and would show a pattern of violence and deliberate

9

indifference to security occurring throughout the prison system.

A district court may sua sponte transfer a case to any other district where the suit might have been brought for the convenience of the parties and in the interests of justice. 28 U.S.C. § 1404(a); Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989). "Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion." Mills, 886 F.2d at 761 (internal quotations and citation omitted).

The Bill Clements Unit is in Amarillo, Texas, which is located within the jurisdiction of the district court in the Northern District of Texas. See 28 U.S.C. § 124(a)(5). Horton alleged that the prison officials in the Clements Units did not protect him from an assault by a black inmate although he had reported threats made against him by the inmate. The district court did not abuse its discretion in transferring these claims to the Northern District because the incidents occurred there and the defendant prison personnel were also presumably located in that district.

### D.

Horton argues that his motion to recuse the magistrate judge should have been granted because the magistrate judge is predisposed to rule against prisoners. Horton has not alleged the existence of any bias resulting from an extrajudicial source. Horton's bias argument is based on allegations of consistent rulings of the magistrate judge against him in the instant proceeding. Adverse rulings in a case, without more, are not

10

sufficient to support a recusal motion. United States v. MMR Corp., 954 F.2d 1040, 1045 (5th Cir. 1992). Further, the magistrate judge granted Horton's motion to reopen the case and some of his subsequent discovery requests. Thus, the magistrate judge did not abuse her discretion in denying the motion for recusal.

E.

Horton argues that the defendants should have been directed to explain the loss of portions of the videotape in response to his second motion to compel. He also requests this court to enter an order to show cause why sanctions should not be imposed against the defendants.

Discovery matters are entrusted to the "sound discretion" of the district court and are reviewed for an abuse of such discretion. King v. Dogan, 31 F.3d 344, 346 (1994); Coughlin v. Lee, 946 F.2d 1152, 1158 (5th Cir. 1991). In response to Horton's second motion to compel production of the entire videotape, defense counsel questioned TDCJ officials about the videotape and they responded that the only relevant tape in existence had been provided to Horton. The magistrate judge did not abuse her discretion in accepting this explanation and denying Horton's second motion to compel. Horton has not demonstrated a basis for this court to impose sanctions against the defendants.

Horton makes a number of additional arguments regarding alleged errors of the magistrate judge in her evidentiary and

11

discovery rulings.  Our review of the record reveals no abuse of discretion in these rulings.

AFFIRMED