IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40508
Summary Calendar
_____


MARIO A. YARRITO,

                                        Plaintiff-Appellant,

                          versus

CHARLIE M. PAGE, Correctional Officer,
JERRY W. HUGHES, Correctional Officer,
TERRY W. FAGAN, Correctional Officer,
CARL E. LUCAS, JR., Correctional Officer,
JEFFREY A. COOK, Correctional Officer,
SANDY R. JOHNSON, Sergeant,
DAVID E. KERSH, Sergeant,

                                        Defendants-Appellees.



- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:94-CV-8
- - - - - - - - - -
January 15, 1996
Before REAVLEY, SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

     Texas prisoner Mario A. Yarrito appeals the dismissal of his

civil rights complaint following an evidentiary hearing before a

magistrate judge conducted pursuant to *Flowers v. Phelps*, 956

F.2d 488 (5th Cir.), *modified in part on other grounds*, 964 F.2d

400 (5th Cir. 1992).  Yarrito contends that the district court

_____

     [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

erred in finding that defendants did not use excessive force or retaliate against him; that it erred in finding defendants immune from suit; that it denied him adequate discovery; that it erred in declining to subpoena two eyewitnesses to testify; and that the absence of three of the defendants from his evidentiary hearing violated his Sixth Amendment rights to confrontation and cross-examination.  We affirm.

Yarrito claims that he was subjected to a beating by seven prison officers in retaliation for or to dissuade him from filing any more grievances.  Yarrito and witnesses who testified on his behalf at the hearing gave an account of the incident that was very different from the account given by defendants.  The magistrate, with an opportunity to weigh the credibility of the witnesses, made numerous fact findings.  Among these findings, the magistrate concluded that Yarrito initiated a scuffle by yelling at and attempting to kick defendant Hughes, that defendants Page and Hughes then placed Yarrito on the floor and put leg irons on him in order to subdue him, that Yarrito suffered a scratch on his forehead, that four of the defendants were not involved in the incident in any way, and that the other three did not retaliate against Yarrito in any way.

Where, as here, the district court has reviewed and adopted the fact findings of the magistrate, our review of those findings on appeal is limited to whether the findings are clearly erroneous. *E.g. Johnson v. Collins*, 964 F.2d 1527, 1536 (5th Cir.), *cert. denied*, 113 S. Ct. 4 (1992); *McInerney v. Puckett*,

2

919 F.2d 350, 352 (5th Cir. 1990).  Particularly where essential fact findings turn on the finder of fact's credibility determinations, we are loath to overturn such findings under the clearly erroneous standard of review.  "`An appellate court is in no position to weigh conflicting evidence and inferences or to determine the credibility of witnesses; that function is within the province of the finder of fact.'"  *United States v. Samples*, 897 F.2d 193, 198 (5th Cir. 1990) (citations omitted).  We cannot say that the magistrate's fact findings are clearly erroneous.

When considering an excessive-force claim, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 112 S. Ct. 995, 999 (1992).  Given the fact findings of the magistrate, the magistrate and district court below properly concluded as a matter of law that Yarrito had not suffered a violation of his Eighth Amendment rights.  Page and Hughes were justified in using minimal force against Yarrito to maintain discipline and ensure that he would not kick them.

Yarrito argues that the court below erred in finding that the defense of qualified immunity shields defendants from liability.  Before conducting a qualified immunity analysis, the court as a threshold matter must first decide whether a violation of a constitutional right has occurred.  *E.g. White v. Taylor*, 959 F.2d 539, 545 n.4 (5th Cir. 1992) (first step in qualified immunity analysis is "whether the plaintiff has asserted a

violation of a constitutional right at all."); *Quives v. Campbell*, 934 F.2d 668, 670 (5th Cir. 1991).  Since we find no error in the lower court's determination that no Eighth Amendment violation occurred, we need not reach the question of whether Yarrito's claim should also fail because defendants are entitled to qualified immunity.

We also hold that the denial of Yarrito's discovery requests was not an abuse of discretion, *see Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir.), *cert. denied*, 498 U.S. 901 (1990), *and cert. denied*, 498 U.S. 1069 (1991); that the refusal to subpoena prisoners Silva and Steel to testify was not an abuse of discretion, *see Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126 (1985); and that the absence of three of the defendants from the evidentiary hearing did not violate Yarrito's Sixth Amendment rights to confrontation and cross-examination, as those rights do not apply to civil hearings.  *See Woolsey v. National Transp. Safety Bd.*, 993 F.2d 516, 521 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1829 (1994).

AFFIRMED.