IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40372
Summary Calendar
_____


HARRIS GENE HALE,

                                        Plaintiff-Appellant,

versus

CHRISTOPHER CLAYTON, Etc., ET AL.,

                                        Defendants,

CHRISTOPHER CLAYTON, officer, Longview Police Department
Individually and in official capacity; RILEY TAYLOR,
Detective, Longview Police Department Individually and in
official capacity,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-343
---------------------

February 7, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    We remanded to the district court the malicious prosecution

claim raised by Harris Gene Hale (TDCJ # 322484) in his 42 U.S.C.

§ 1983 suit.  Thereafter, the district court conducted a hearing

consistent with Flowers v. Phelps, 956 F.2d 488, modified in part

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

on other grounds, 964 F.2d 400 (5th Cir. 1992), and dismissed the claim.

We do not consider Hale's contention that the district court could have exercised its discretion to order a jury trial under Fed. R. Civ. P. R. 39(b) because it is raised for the first time in Hale's reply brief.  See Stephens v. C.I.T. Group/Equip. Fin., Inc., 955 F.2d 1023, 1026 (5th Cir. 1992).  Hale waived his argument that the district court erred by not issuing a subpoena for a "core witness" when he indicated to the magistrate judge at the beginning of the Flowers hearing that he was ready to proceed, and he voiced no objection to proceeding with the hearing despite the witness's absence.  See Trustees of Sabine v. Don Lightfoot Home Builder, Inc., 704 F.2d 822, 828 (5th Cir. 1983).  We find no abuse of discretion in the denial of the motion for the appointment of counsel.  See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986); Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).  Finally, we conclude that by not providing this Court with a transcript of the Flowers hearing, Hale has waived appellate review of his contention that the district court erred by dismissing his malicious prosecution claim on its merits.  See Fed. R. App. P. (10)(b)(2); Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.