IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-41336
Summary Calendar

_____

ALLEN TYRONE ROBINSON,

Plaintiff-Appellant,

versus

F.E. FIGUEROA, Etc.; ET AL.,

Defendants,

R. WAGSTAFF, Supervisor at Metal Fab Plant,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-230

_____

October 11, 2001

Before POLITZ, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Allen Tyrone Robinson, Texas prisoner # 519307, appeals the dismissal, on

remand, of his civil rights complaint against Officer Ronnie Wagstaff. Robinson

contends that the magistrate judge lacked authority to consider his case on remand

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and, further, that the magistrate judge and district court violated our remand order by failing to conduct further proceedings. He also renews his earlier contention that he was denied the right to a jury trial and maintains that the district court erred in finding that his claims against Wagstaff could not withstand a motion for judgment as a matter of law, and in its determination that Wagstaff was entitled to qualified immunity. He also asserts that the district court erred in failing to address a motion he filed seeking an order to compel prison authorities to comply with the Prison Litigation Reform Act regarding the deduction of filing fees from his inmate account.

We have reviewed the brief submitted by Robinson and the record, including the transcript of the evidentiary hearing held pursuant to Flowers v. Phelps[1] and hold that the district court complied with our remand order to conduct further proceedings with respect to Wagstaff only. In so doing, the magistrate judge was authorized, without Robinson's consent, to prepare an additional report and recommendation based on the Flowers hearing.[2]

We stated in Robinson's first appeal that the magistrate judge erred in overruling Robinson's objection to the Flowers hearing and in denying his demand for a jury trial.[3] That error, however, is harmless if the evidence was incapable of

---

[1]956 F.2d 488 (5th Cir.), modified on other grounds, 964 F.2d 400 (5th Cir. 1992),

[2]28 U.S.C. § 636(b)(1)(A)-(C); United States v. Dees, 125 F.3d 261, 264-66 (5th Cir. 1997).

[3]Robinson v. Figueroa, No. 99-40510 (5th Cir. May 1, 2000).

withstanding a motion for judgment as a matter of law.[4]  That Robinson disagrees with the medical evidence is not a demonstration that the district court erred in concluding that his claim against Wagstaff would suffice to defeat a motion for judgment as a matter of law.[5]

Robinson fails to demonstrate irregularities in the withdrawals from his inmate account.[6]

The judgment appealed is AFFIRMED.

---

[4]McDonald v. Steward, 132 F.3d 225, 230 (5th Cir. 1998).

[5]Id.

[6]28 U.S.C. S 1915(b)(2); Johnson v. McNeil, 217 F.3d 298, 302 (5th Cir. 2000).