IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41385
Summary Calendar
_____

MICHAEL OWEN WEBB,

Plaintiff-Appellant,

versus

ROEL GONZALES, Sergeant, Michael Unit; TIM A.
HUFFMAN, Sergeant; KENNETH PARTIN, Captain, Michael
Unit; FREDERIC EDWARDS, Corrections Officer III,
Michael Unit; CATHERINE GAIL MAYES, Internal Affairs,
Michael Unit; EVELYN McHALE, Michael Unit; ROBERT
HERRERA, Michael Unit; CHARLES LIGHTFOOT, Michael
Unit; LAURIE A. CARROLL, Michael Unit; UNIDENTIFIED
MARTIN, Captain,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-338
- - - - - - - - - -
December 27, 2001
Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael O. Webb, a Texas prisoner (# 620220), appeals from
the dismissal of his complaint pursuant to a magistrate judge's
recommendation, following evidentiary hearings before the
magistrate judge in accordance with Flowers v. Phelps, 956 F.2d
488 (5th Cir.), modified on other grounds, 964 F.2d 400 (5th Cir.
1992).  The district court adopted the magistrate judge's

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

recommendations to dismiss Webb's claims that various correctional officials assaulted Webb and then were deliberately indifferent to his medical needs.

This court had already denied Webb's motion for a production of transcripts of the July 6, 2000, and October 5, 2000, Flowers hearings at government expense. The defendants have since provided a transcript of the July 6, 2000, hearing. The October 5, 2000, hearing remains untranscribed.

Many of Webb's contentions on appeal concern the weight of the evidence presented at the Flowers hearings, the magistrate judge's findings on credibility and her alleged omission and misinterpretation of evidence, and alleged perjury by defense witnesses. Insofar as those contentions concern the July 6, 2000, hearing, Webb has not demonstrated that the magistrate judge's factual findings and legal conclusions were erroneous, see Odom v. Frank, 3 F.3d 839, 843 (5th Cir. 1993), nor has he sustained the heavier burden of demonstrating that the magistrate judge erred in making credibility determinations. See Canal Barge Co., Inc. v. Torco Oil Co., 220 F.3d 370, 375 (5th Cir. 2000). The judgment of the district court is AFFIRMED as to these claims.

Webb has made no additional attempt to provide transcripts of the October 5, 2000, Flowers hearing. Webb's failure to make the showing required to obtain such transcript at Government expense prevents this court from reviewing his arguments that relate directly to the conduct of that hearing. See Richardson v. Henry, 902 F.2d 414, 415-16 (5th Cir. 1990). Accordingly,

insofar as his contentions relate to the conduct of and testimony at the October 5, 2000, hearing, the appeal is DISMISSED. See id.; 5TH CIR. R. 42.3.2.

Webb has not demonstrated that the magistrate judge abused her discretion in denying his discovery requests, see King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994), or in denying his motions for appointment of counsel. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986). The judgment is AFFIRMED as to these claims.

Webb makes no specific arguments with respect to the district court's earlier dismissal of claims against several other defendants as frivolous following a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). See white brief, passim. Webb has effectively abandoned these claims. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

DISMISSED IN PART; AFFIRMED IN PART.