IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60149
Summary Calendar
_____

KEVIN GOFF,

Plaintiff-Appellant,

versus

JAMES V. ANDERSON; CAROLYN WIGGINS; ROBERT ARMSTRONG;
JOHN BEARRY, M.D.; RONALD ROBINSON; BERTHA WILLIS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:98-CV-205-B-A
--------------------
June 3, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Kevin Goff, Mississippi prisoner # 56455, appeals a judgment for defendants in his 42 U.S.C. § 1983 civil rights action in which he asserted Eighth Amendment failure-to-protect and inadequate-medical-care claims. The district court entered judgment for de-fendants after adopting the magistrate judge's report and recom-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mendation following an evidentiary hearing pursuant to 28 U.S.C. § 636(b)(1)(B) and Flowers v. Phelps, 956 F.2d 488 (5th Cir. 1992), modified on other grounds, 964 F.2d 400 (5th Cir. 1992).

On appeal, Goff reargues the merits of his constitutional claims. He also raises alleged errors that impeded his ability to present his case at the Flowers hearing and contends that the district court erred in dismissing a defendant before the hearing.

Goff has failed to provide a hearing transcript, as directed by FED. R. APP. P. 10(b)(2). Previously, this court denied Goff's motion requesting a transcript at the government's expense because he failed to meet the requirements of 28 U.S.C. § 753(f). Because Goff failed to provide this court with a transcript, we will not consider his arguments to the extent that they depend on a review of the transcript. Goff has submitted documents in support of his failure-to-protect arguments, but without a transcript it cannot be determined whether the documents were admitted at the hearing, and we will not consider new evidence furnished for the first time on appeal. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999). All but two of Goff's appellate arguments, discussed below, depend on a review of the transcript; the appeal is therefore DISMISSED except as to those two issues. See Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990).

Goff argues that the inmate who attacked him was a threat known to prison officials; he raised this issue in his objections to the magistrate judge's report and recommendation and submitted

news accounts naming the inmate as a suspect in a later prison murder. Because the murder occurred after the attack on Goff, however, it could not have served as a warning that the inmate posed a risk of attacking Goff. See Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986) (stating that a prisoner must show that prison officials were warned or informed of threats or the risk of an attack). Because Goff has shown no constitutional violation on this basis, his argument that a prison official should not have been dismissed as a defendant before the Flowers hearing is without merit.

Goff also contends that the prison medical director provided inadequate medical care following the attack, and he relies on his medical records as support. This issue is reviewable without a transcript, because the records were before the district court and are part of the appellate record. The documents do not, however, demonstrate that the prison medical director was personally involved in Goff's treatment or was causally connected with the asserted constitutional violations, except with respect to ordering cessation of Goff's physical therapy. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). Goff's argument challenging the termination of his physical therapy amounts to a disagreement regarding his medical treatment that does not give rise to a claim for a constitutional deprivation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

AFFIRMED IN PART, APPEAL DISMISSED IN PART.