# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 6, 2013

Lyle W. Cayce
Clerk

No. 10-60340

TOMMY JACKSON,

Plaintiff - Appellant

v.

LAWRENCE KELLY, Superintendent; JAMES BREWER, Warden, Unit 29;
REBECCA BLUNT, 29 G Building, Unit Administrator; L. T. ROACH, Field
Operation Administrator; LAWYER ROSS, Field Operation Officer; RANDY
HARPER, Field Operation Officer; VELENA FLAGG, Associate Warden
Classification,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:07-CV-144

Before STEWART, Chief Judge, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Tommy Jackson ("Jackson"), Mississippi prisoner #32944,
proceeding pro se and *in forma pauperis* ("IFP"), appeals the district court's
dismissal of his civil rights complaint pursuant to 42 U.S.C. § 1983 following an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-60340

evidentiary hearing. Finding no error, we AFFIRM for the reasons more fully set forth below.

## I.

This case arises from an incident taking place at the Mississippi State Penitentiary. On January 11, 2006, appellee Officers Lawyer Ross ("Ross") and Randy Harper ("Harper") conducted a search of the cells for contraband. During the search, Jackson became belligerent and yelled at the officers. Pursuant to standard operating procedures for such searches, the officers required Jackson and his cell mate to exit the cell and sit on the floor. Jackson exited the cell but refused to sit down and continued to berate the officers. Ross then entered Jackson's cell and began the search. Jackson then slipped by Harper, entered the cell, and jerked Ross backwards by his collar. At this point, the officers forced Jackson onto his bunk.

Jackson alleges that the officers used excessive force against him causing injury to his head, chest, and back. While the officers claim Jackson grabbed Officer Ross by the collar, Jackson argues that this accusation is impossible because he has limited use of his right arm and leg, caused by childhood polio. Further, Jackson contends that this incident would not have occurred had he been properly classified and housed based on his medical condition and additionally argues that the appellees violated the Americans with Disabilities Act ("ADA")  because he was not housed in a special needs facility. He also argues that Lieutenant Rebecca Blunt ("Blunt") observed the incident from the guard tower but failed to intervene and protect him. Moreover, Jackson argues on appeal that he was subject to reprisals by Commissioner Epps.[1]

On November 24, 2008, the magistrate judge conducted a nearly four-hour evidentiary hearing pursuant to *Flowers v. Phelps*, 956 F.2d 488 (5th Cir.),

---

[1] Jackson alleges that Epps illegally reclassified and segregated him in close confinement for a year.

*modified in part on other grounds*, 964 F.2d 400 (5th Cir. 1992), and issued a report and recommendation. The report concluded that Jackson's claims should be dismissed because he failed to exhaust his housing classification claim and he lacked a constitutionally protected liberty interest in the classification. Furthermore, the magistrate judge found that the testimony was fully consistent with the appellees' account of the incident, including Ross's testimony that Jackson grabbed him. The magistrate judge also found that Jackson's excessive force claim against Ross and Harper should be dismissed because they applied force in a good-faith effort to maintain and restore discipline. Finally, the magistrate judge recommended that Jackson's failure-to-protect claim against Blunt should be dismissed because there was no excessive force applied and because she did not view the incident.

Jackson objected, arguing, among other things, that the magistrate judge's report contained disputed facts that were adduced at an unconstitutional evidentiary hearing in violation of his right to a jury trial. The district court overruled the objections, adopted the magistrate judge's report, and ordered that Jackson's complaint be dismissed with prejudice. Jackson moved to proceed IFP on appeal. The district court denied his motion, certifying that the appeal was not taken in good faith.

Jackson filed a motion in this court challenging that decision and a motion for the appointment of counsel in the district court. This court remanded the case and ordered the district court to give reasons for its certification decision.

After the case was remanded, Jackson filed a motion to amend his suit to add a claim under the ADA and a request for the appointment of counsel. The district court denied IFP for the reasons set forth in the magistrate judge's report and recommendation. The district court also denied Jackson leave to amend his complaint. A judge of this court determined that Jackson raised a nonfrivolous argument as to whether Officers Ross and Harper used excessive

No. 10-60340

force against him. Jackson has not raised in this court his district court argument that he was entitled to a jury trial, and he has, therefore, abandoned it.[2]

## II.

A hearing conducted pursuant to *Flowers v. Phelps* amounts to a "bench trial replete with credibility determinations and findings of fact." *McAfee v. Martin*, 63 F.3d 436, 437 (5th Cir. 1995). This court reviews bench trial findings of fact, including rulings on excessive use of force, for clear error. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998). "[F]or a finding to be clearly erroneous, [this court] must have a firm conviction, based on a review of the entire record, that a mistake has been made." *Id.*

## III.

## A.

The only significant issue in this case is whether excessive force was used against Jackson during the search of his cell. The core inquiry in an Eighth Amendment excessive use of force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). That inquiry includes the following non-exclusive factors: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) efforts made to temper the severity of a forceful response. *Baldwin*, 137 F.3d at 838-39. Importantly, not all malevolent contact by a prison guard establishes a constitutional violation. *Id.* at 839. A violation of the Eighth Amendment requires that both the force used and the injury incurred must be

---

[2] Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

No. 10-60340

more than *de minimis* and must be evaluated in the context in which the force was used. *Hudson*, 503 U.S. at 9-10; *Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010).

The district court adopted the magistrate judge's report and recommendation which applied the five factors and dismissed the excessive use of force claim. The magistrate judge meticulously went through the record and identified specific reasons why Jackson's excessive force claim should be dismissed. Specifically, the magistrate judge found (1) that Jackson's injuries were more than *de minimis*, but less than severe; (2) that force was needed given Jackson's belligerent behavior, his refusal to obey a direct order, and Ross's credible testimony that Jackson jerked him by the collar; (3) that given Jackson's conduct and the need to restore order, the amount of force used was reasonable and appropriate; (4) that a threat was reasonably perceived by the officers based on the credible testimony that Jackson jerked Ross back by the collar; and (5) that the officers' efforts to restore order were tempered as they wrestled Jackson down onto his bunk and waited until he was compliant. Based on the record developed during the evidentiary hearing, the magistrate judge concluded that each factor weighed against Jackson's excessive force claim.

In sum, the record fully supports the finding that the officers' application of force was not clearly excessive relative to the need to restore discipline so as to constitute a constitutional violation. *Baldwin*, 137 F.3d at 838-39; *Hudson*, 503 U.S. at 7. Thus, even if Jackson could demonstrate he suffered a more than *de minimis* injury, he has failed to show a constitutional violation.

B.

Jackson next argues that the alleged excessive use of force would not have occurred if the appellees had properly housed him because of his medical condition. The district court dismissed Jackson's claim that the appellees improperly housed him for failure to exhaust his administrative remedies.

5

No. 10-60340

Because Jackson failed to brief any challenge to the district court's reasons for dismissing this claim, he has abandoned this ground for appeal.  *See Yohey,* 985 F.2d at 224-25; *Brinkmann v. Dallas Cnty.  Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (refusing to raise and discuss legal issues that appellant failed to assert).

## C.

Jackson also contends that Lieutenant Blunt observed the incident from the guard tower but that she was deliberately indifferent to his need for assistance and failed to protect him from harm. To prove an Eighth Amendment violation, the evidence must show that Blunt knew of a "substantial risk of serious harm" to Jackson or that she disregarded the risk by "failing to take reasonable measures to abate it."  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  The testimony demonstrates that Blunt did not witness the incident. Thus, Jackson's Eighth Amendment claim against Blunt is unavailing.

## D.

Jackson argues on appeal that the district court erred when it dismissed appellee Commissioner Epps for failure to state a claim for which relief could be granted.  Jackson asserts that he testified at the evidentiary hearing that he was subject to reprisals by Epps, who illegally reclassified Jackson and segregated him in close confinement for a year, in violation of *Gates v. Collier*, 501 F.2d 1291 (5th Cir. 1974).[3]

The record reflects, however, that Jackson did not raise this issue before the district court:  he did not allege that Appellee Epps retaliated against him or that Epps was otherwise liable, except to state that all defendants were liable to him in their official capacities.  This court need not address issues raised for

___

[3] In *Gates*, this court noted that a Mississippi statute in effect at the time proscribed corporal punishment and that punishing prisoners sent to solitary confinement in inhumane ways ran afoul of the Eighth Amendment.  *Gates*, 501 F.2d at 1304-06.

No. 10-60340

the first time on appeal. *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

## E.

Finally, Jackson argues that because jurisdiction was automatic under the ADA, the district court abused its discretion when it dismissed his suit. He contends that the district court failed to provide him the process and protection that he was due under the ADA; he argues that protection included appropriate housing and protection from harm.

Jackson sought to amend his complaint to add his claims under the ADA after this court remanded the case to the district court for its failure to give reasons for its finding that Jackson's appeal was not taken in good faith. Jackson's argument, liberally construed, is that the district court erred when it denied his motion to amend.

Leave of court was required before Jackson could amend his complaint. *See* FED. R. CIV. P. 15(a)(2). This court reviews the denial of a motion to amend for abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The refusal to grant leave to amend without providing justification for the denial is an abuse of discretion. *Id.* However, "[w]here reasons for denying leave to amend are ample and obvious, the district court's failure to articulate specific reasons does not indicate an abuse of discretion." *Ashe v. Corley*, 992 F.2d 540, 542-43 (5th Cir. 1993) (citation omitted) (internal quotation marks omitted). Given that the district court had already rendered final judgment when Jackson sought to amend his complaint, the district court's decision to deny the motion was not an abuse of discretion. *See id.*

## IV.

For the above reasons, we AFFIRM the judgment of the district court.

7